THE STATE NATIONAL BANK OF KEOKUK v. THE NORTH WESTERN UNION PACKET CO.

Res adjudicata: ESTOPPEL. Where the defendant in an action pleads certain matters in avoidance or defense, he will, in a subsequent action between the same parties, be estopped from putting in issue or litigating any fact or matter necessarily involved in the former suit.

*Appeal from Lee District Court.*

FRIDAY, OCTOBER 24.

ON the 11th day of November, 1869, the plaintiff commenced suit against the defendant for the recovery of

the sum of $8,213.63, alleging that the action was brought as the assignee of W. N. Sturgis, to recover the value of a barge load of wheat undertaken to be carried by defendant as a common carrier, and lost by the negligence of defendant. The defendant answered, among other things, alleging that the wheat in question was, for the voyage, insured by certain associated insurance companies known as the underwriters; that said Underwriters' Insurance Company settled with and paid W. N. Sturgis, or his assignee, the loss, before his assignment to plaintiff; that the insurance policy contained a provision that the payment of any loss by the company should work an assignment to the company of any right of action which the shipper might have against the common carrier; that the plaintiff shows no assignment from the said insurance company, but claims only as the assignee of Sturgis, and is not, therefore, the real party in interest. Upon the trial the jury returned, as a special finding, that the plaintiff, as assignee of W. N. Sturgis, had received of the Underwriters' Insurance Company, $4,500, on account of the loss of the grain mentioned; and that plaintiff was entitled to $8,213.63, with interest, less the sum paid by the insurance company. Upon the plaintiff's motion to set aside the finding, of the amount paid by the insurance company, as excessive, the defendant elected to remit one-half thereof, and thereupon the court rendered judgment for plaintiff for the amount of the loss less $2,250.

The plaintiff now alleges that since the determination of the former suit it has procured an assignment from the insurance company of its right of action against the defendant, on account of the payment of the said $2,250, and asks judgment for that sum.

The defendant for answer to this claim alleges that the statement in the answer upon the former trial that the insurance company had paid Sturgis or his assignee for

the loss, was made upon imperfect information as to the facts; that in fact the payment was not made on account of the loss, but for their expenses and trouble in that suit.

The defendant, for an amended answer, alleges that the intended insurance never in fact attached to the grain, for the reason that the steamer George D. Palmer, which towed the barge on which the grain was shipped, was at the inception of and throughout the voyage in an unseaworthy condition; that no legal liability existed against the said underwriters' agency to pay the loss; that they paid in their own wrong, and no valid claim can be based thereon against the defendant. Upon the trial the defendant offered evidence of the unseaworthy condition of the vessel at the time of shipment. Plaintiff objected because the said matters are *res adjudicata*, incompetent, immaterial and irrelevant, and because the defendant cannot defend itself by showing its own wrong.

The objection was overruled, and the offered evidence admitted. All the proceedings in the former suit were submitted in evidence to the jury by the plaintiff.

The evidence being closed, the plaintiff, among other things, asked the court to instruct in substance, that in the former suit it was determined that plaintiff had received of the insurance company $2,250, on account of the loss, and that this deduction was made in consequence of the plea of defendant, setting up the fact that the cargo had been insured, and the insurer had paid a part of the insurance, and was subrogated to plaintiff's right to recover therefor; and that there could have been no such deduction unless there was a valid subrogation, and no subrogation unless the policy had attached, and that consequently the validity of the policy was adjudicated in the former action.

The court refused to give this, and all the other instruc-

tions asked by plaintiff, and submitted to the jury for special finding the following question:

"Was the steamboat George D. Palmer, at the time she commenced the voyage, involved in this suit, with the barge John Lucky in tow, containing the cargo belonging to W. N. Sturgis, seaworthy, or was she unseaworthy?" The jury returned as their special verdict that the George D. Palmer, at the time named, was unseaworthy.

Thereupon the plaintiff moved for judgment, notwithstanding the verdict, and the defendant moved for judgment against plaintiff.

The court overruled plaintiff's motion, sustained defendants, and rendered judgment against plaintiff for costs. The plaintiff excepted to the respective rulings of the court, and assigns them as error.

*Gilmore & Anderson* for the appellant.

*Howell & Rice* for the appellee.

DAY, J.—Upon the first trial the defendant defeated the plaintiff's claim, to the extent of $2,250, on the ground that the insurance company had paid the loss to that extent, and that defendant *was liable* to the insurance company, and not to plaintiff therefor. Now, when sued by the assignee of this insurance company for the said $2,250, it shows that the insurance was invalid; that the company ought not to have paid the loss; that the defendant *did not* become liable to the insurance company on account of such payment; that the plaintiff took nothing by the assignment, and thus again defeats the plaintiff's claim. So that, although by its negligence, the defendant has occasioned the loss of a cargo of grain, it is discharged from any liability therefor to the extent of $2,250.

A decision reaching such results at once arouses sus-

picion of its correctness, and challenges close scrutiny of the foundations upon which it rests.

The only deduction that can fairly be drawn from the answer of defendant in the first suit is, that plaintiff is not the real party in interest, because that party is the insurance company. The results of the first trial could have been reached in no way except by finding that the insurance company was the real party in interest and entitled to recover of defendant to the extent of the loss paid, to wit, $2,250. The plaintiff was not entitled to recover that amount, simply because defendant was liable to another party therefor. If the seaworthiness of the vessel was at all essential to the right of action of the insurance company, such seaworthiness was assumed in the allegation of defendant that plaintiff was not the party in interest because of the payment of the loss by the insurance company. If the vessel was unseaworthy in fact, it was known to defendant at the time of filing its first answer. Yet at that time it tendered an issue, which, according to its present position that the seaworthiness of the vessel is essential to the insurance company's claim, involved and implied an admission of such seaworthiness. It received the benefit of this admission, and upon the assumption of the truth of the fact admitted, was discharged from liability to plaintiff to the extent of $2,250. Upon what principle of ethics or of law can it now be permitted, while retaining the benefits of the prior adjudication, to say that that adjudication was based upon a fact by it admitted, but which did not exist.

The case, in brief, resolves itself to this: the fact that the vessel was unseaworthy at the time of the shipment, either would or would not have invalidated the claim of the insurance company against defendant on account of the loss. If it would have invalidated such claim, then the answer of defendant, setting up his non-liability to plaintiff, because of his liability to the insurance company, and

failing to allege the unseaworthiness of the vessel, must be taken to be a conclusive admission of seaworthiness, and to work an estoppel upon defendant to deny such fact. Having obtained, and still retaining, the advantages of a supposed fact, with full knowledge as to its existence or non-existence, the policy of the law will not permit him to gainsay such fact, in a subsequent suit with the same party. Upon the other hand, if the unseaworthiness of the vessel would not affect the right of the insurance company to recover, then the special finding of the jury was immaterial, and did not warrant the judgment of the court. In either view the judgment is wrong.

Other questions are argued by counsel of appellee, but it is believed the above view disposes of all the questions actually passed upon by the court below.

Reversed.