# Hill's Adm'r *v.* Huckabee's Adm'r.

*Action by Administrator de bonis non, on Promissory Note payable to former Administrator.*

1. *Statute of limitations; commencement of new action within twelve months after reversal of former judgment.*—To a plea of the statute of limitations, a replication averring the commencement of a former action before the statutory bar was complete, the recovery of judgment by the plaintiff in that action, the reversal of that judgment on error or appeal, and the commencement of the new action within twelve months after the reversal (Code, § 3235), is a complete and sufficient answer, although it

[Hill's Administrator v. Huckabee's Administrator.]

does not aver that the dismissal of the former action was rendered necessary by the judgment of reversal.

2. *Estoppel by former plea and judgment.*—In an action brought by an administrator *de bonis non,* a plea of *ne unques administrator* denied the validity of the grant of administration to plaintiff, on the ground that there was no vacancy in the administration at the time his letters were granted; to which it was specially replied, that a former action by the administrator in chief, founded on the same cause of action, was defeated by a plea in abatement, which averred the removal of said administrator after the commencement of that suit, "after due and legal proceedings had in the premises," and that letters of administration *de bonis non* were granted to plaintiff after the rendition of the judgment in that case; *held,* that the replication was good and sufficient, since the plea and judgment in the former action estopped the defendant from making that defense.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. JNO. P. TILLMAN, an attorney of the court, selected by the parties on account of the incompetency of the presiding judge.

This action was brought by P. A. Tutwiler, as administrator *de bonis non* of the estate of Charles W. Hill, deceased, against Thomas C. Browne, as administrator of the estate of Gray Huckabee, deceased; was founded on a promissory note for $1,725, executed by said Gray Huckabee and others, dated February 10th, 1863, and payable on the 1st March, 1864, "to the order of Susan Hill, administratrix;" and was commenced on the 6th May, 1879. The defendant pleaded the general issue, the statute of limitations of six years, and *ne unques administrator.* To the plea of the statute of limitations there was a special replication, to which a demurrer was interposed, but overruled by the court; and there was a special replication to the plea of *ne unques administrator,* to which a demurrer was sustained; and issue was thereupon joined on the plea of the general issue, and on the replication to the plea of the statute of limitations. The substance of each of these replications is stated in the opinion of the court. On all the evidence adduced, which it is unnecessary to state, the court charged the jury, on the request of the defendant, "that the grant of letters of administration to the plaintiff is void, and he is not entitled to recover in this action." The plaintiff excepted to this charge, and he now assigns it as error, together with the judgment on the demurrer which was sustained to the special replication.

THOS. SEAY, for appellant.—1. The sworn plea of the defendant in the former suit, alleging the removal of Mrs. Hill as administratrix, estops him from denying it in this suit. 1 Greenl. Ev. § 205, note 1; *Pickard v. Sears,* 1 Ad. & El.

[Hill's Administrator v. Huckabee's Administrator.]

469; *Haralson v. George,* 56 Ala. 295; *Hill v. Huckabee,* 52 Ala. 155; *Hill v. Riddle,* 51 Ala. 224.

2.   The grant of administration *de bonis non* can not be held void, in a collateral proceeding like this, because it does not show the appointment and removal, resignation or death of the administrator in chief.—*Ikelheimer v. Chapman,* 32 Ala. 676; *Ragland v. King,* 37 Ala. 80; *Sims v. Waters,* 65 Ala. 442; *Burke v. Mutch,* 66 Ala. 568; *Speight v. Knight,* 11 Ala. 461.

3.   The suit was not barred by the statute of limitations.   It was commenced within twelve months after the reversal of the judgment in the former suit.   The replication brings the case within the terms of the statute (Code, § 3235), which, like similar statutes in England and elsewhere, must receive a liberal construction.—Ld. Raym. 434; 2 W. Saund. 64; *Long v. Orrell,* 13 Ired. Law, 123; *Coffin v. Cottle,* 16 Pick. 384; *Givens & Co. v. Robbins, Painter & Co.,* 11 Ala. 156.

BROOKS & ROY, *contra.*—A grant of administration *de bonis non,* when there is no vacancy in the administration, is absolutely void.—*Nelson v. Boynton,* 54 Ala. 368; *Gray v. Cruise,* 36 Ala. 559; *Coltart v. Allen,* 40 Ala. 155; *Matthews v. Douthitt,* 27 Ala. 273; *Godwin v. Hooper,* 45 Ala. 613; *Bottoms & Powell v. Brewer,* 54 Ala. 288.   In the grant of administration, the Probate Court is a court of general jurisdiction, and its records, when collaterally assailed, are not required to show affirmatively the existence of the facts on which its jurisdiction depends; but, in the settlement of administrations, the removal of administrators, or requiring additional bonds, its jurisdiction is special and limited, and its records must show a compliance with all the requirements of the statute.   This is the general rule, applicable to all courts, even of general jurisdiction, in the exercise of special, statutory powers.—*Gunn v. Howell,* 27 Ala. 663; *Wyatt v. Rambo,* 29 Ala. 510; 21 Ala. 773; 23 Ala. 369; 18 Ala. 694; 54 Ala. 288.   The validity of the grant of administration to Tutwiler, in this case, depends on the validity of the order removing the administratrix in chief; and the record in relation to that matter only shows an abortive attempt to exercise the statutory power of removal.   Between the order for a citation, and the order of removal, there is an unexplained *hiatus,* which can not be supplied by intendment.   It is not shown that a citation was ever issued, or served on the administratrix; nor that any action was taken by the court at the term to which the citation should have been made returnable; nor that the administratrix ever appeared, at that or any other term.

2.   The plaintiff was not entitled to recover, because his action was barred by the statute of limitations; and the facts averred in the special replication to the plea of the statute are

not sufficient to avoid the statutory bar. The statute authoriz-
ing the commencement of a new action, within twelve months
after the reversal of a judgment for the plaintiff in a former
action (Code, § 3235), was intended to protect a plaintiff, who
had not been guilty of negligence, against errors committed by
the court, and not against the consequences of his own negli-
gence. The plaintiff in the former action, according to the
averments of the replication, was removed on the 11th March,
1874, and the present plaintiff was appointed administrator *de
bonis non* on the 17th October, 1876, and revived the suit after
the lapse of more than two years and nine months. That suit
was abated by the failure to revive within eighteen months
(Code, § 2908); and the revivor, on the *ex-parte* application of
the present plaintiff, ought not to have been allowed. For
aught that appears in the replication, the judgment may have
been reversed on account of this improper revivor, and on the
ground that the suit was abated; and if that fact had been
averred in the replication, its insufficiency would have been ap-
parent. At the time this revivor was improperly allowed, the
statute of limitations had already barred a recovery on the
debt; and if this plaintiff, instead of attempting a revivor of
the former action, had brought a new action on the note, the
statute of limitations would have been a complete defense.
Can the illegal revivor avoid the effect of the two statutes—the
statute of limitations, and the statute requiring a revivor within
eighteen months? This would be to reward the negligent.
*Sherman v. Barnes*, 8 Conn. 138; *Crane v. French*, 38 Miss.
503; *Gray v. Trapnall*, 23 Ark. 510; 1 Wash. Va. 302; 4 Ired.
431; 1 Cheves, So. Car. 298; 12 B. Monroe, 406; 38 Maine,
217; 2 Gill, Md. 348; 29 Maine, 458.

3. But the present suit is not a continuation of the former
suit. The former action was in favor of Susan Hill, as admin-
istratrix, against Gray Huckabee and two others; while the
present suit is in favor of Tutwiler, as administrator *de bonis
non*, against Brown as administrator of Gray Huckabee. The
actions are between different parties, and the statute does not
apply.—*Bennington v. Dinsmore*, 2 Gill, Md. 348; 2 Bay, So.
Car. 542; 3 Hill, S. C. 348; 1 Spears, 80; 2 Spears, 481; 2
Rich. Eq. 144; and authorities last above cited.

STONE, J.—The questions for our decision arise on special
replications of plaintiff (Tutwiler) to pleas numbered 3 and 4
filed by defendant, Brown. Plea numbered 3 was and is the
statute of limitations of six years. The special replication to
this was, that suit had been brought on the same cause of action
before the time limited [six years] had expired; that judgment
in that suit had been rendered in favor of the plaintiff; that on

appeal to this court that judgment had been reversed, and that the present suit was brought in less than one year from the time of such reversal—Code of 1876, § 3235.

Plea numbered 4 was a denial that plaintiff, Tutwiler, was administrator. The ground of denial was, not that Tutwiler had not been appointed administrator, but that Mrs. Hill, widow of intestate, had been previously appointed, and had qualified as administratrix; that she had neither resigned, nor been removed, and, the administration being full, the appointment of Tutwiler was void. The special replication to this plea was, that suit had been brought on the note which is the foundation of this suit, in the name of Susan Hill, administratrix of plaintiff's intestate, against defendant's intestate, and another who was co-maker of the note; and that on April 21st, 1876, while that suit was pending, said defendants filed in said cause their plea in abatement, setting forth that, "since the institution of the suit in said cause, the said plaintiff, Susan Hill, had been removed from the office of administratrix of the estate of Charles W. Hill, deceased, after due and legal proceedings had in the premises;" that said note sued on was assets of said estate; that upon the hearing of the issue raised on said plea, it was determined that said Susan Hill had been removed from said administration, and thereupon the plaintiff, Tutwiler, was appointed administrator *de bonis non* of said estate; that letters of administration were issued to him accordingly; and that by virtue thereof he had brought this suit. There was a demurrer to each of these special replications, assigning various grounds.

The argument of appellee assumes, that the Circuit Court sustained the demurrer to each of the special replications, stated above; and some of the positions contended for rest on that assumption. The judgment-entry of the court, showing the rulings on the demurrers, is in the following language: "And thereupon the demurrer of the defendant to the special replication of the plaintiff to the plea of *ne unques administrator*, and also the demurrer of the defendant to the special replication of the plaintiff to the plea of the statute of limitations, being argued by counsel, and considered by the court, it is adjudged by the court, that the demurrer to the special replication of the plaintiff first above mentioned be, and the same is hereby, sustained; and that the demurrer to the other replication be, and the same is hereby, overruled. And thereupon the plaintiff takes issue upon the first and second pleas of the defendant, and the defendant joins issue upon the replication of the plaintiff to the plea of the statute of limitations." It is thus shown that, to the plaintiff's replication to the plea of the statute of limitations, the defendant's demurrer was overruled, and issue was joined upon it.

[Hill's Administrator v. Huckabee's Administrator.]

1. We agree with the court below, in holding that the replication to the plea of the statute of limitations was sufficient. It avers every material ingredient of the statute, and brings this case directly within its letter.—Code of 1876, § 3235. That statute, its prototype in England, and all similar statutes in this country, being remedial in their aims, have always been liberally, if not largely construed.—*Givens & Co. Robbins*, 11 Ala. 156. It is objected to the sufficiency of this replication, that the dismissal of the former suit in the court below is not shown to have been rendered necessary by the reversal in this court. Possibly, if the replication had contained fuller statements of fact, showing such was the effect of the reversal, it would have been more satisfactory. The statute, however, cantains no such provision. But it admits of question, if it is not our duty to presume a dismissal of the former suit was rendered necessary by the principles declared in the judgment of reversal. The expense attending a dismissal, and the labor and delay of a second suit, would not likely be incurred without a reason. But, in the present state of this record, these questions are not presented, and we need not decide them.—*Allen v. Roundtree*, 1 Spears, 80 ; *Chapman v. Mayrant* , 2 Spears, 481.

2. The present case went off in the court below, on the sufficiency of the replication to the plea of *ne unques* administrator. The purpose of that replication was, to show that defendant, by his plea in the former suit, alleging Mrs. Hill's removal from the office of administratrix, and the defeat of her suit on that ground, had thereby estopped himself from denying that the administration was vacant, and, as a consequence, from denying that Tutwiler's appointment, made afterwards, was regular. In Herman on Estoppel, § 165, it is said : " A party who obtains or defeats a judgment, by pleading or representing a thing or judgment in one aspect, is estopped from giving it another in a suit founded upon the same subject-matter."

In *Phila., W. & B. Railroad Co. v. Howard*, 13 How. U. S. 307, suit was brought on a written contract, or agreement, as a simple contract. There was some erasure, or obliteration, in the face of the instrument sued on. The defendant pleaded, that the writing was a bond under seal, and that covenant was the proper action. The plea was sustained, and a recovery defeated. Thereupon, suit was brought on the obligation as a bond, and the defendant attempted to make defense, on the averred ground that it was a simple contract. The defense was disallowed. In the opinion of the court by Justice Curtis, it is said : " It does not carry the estoppel beyond what is strictly equitable, to hold that the representation which defeated one

action on a point of form, should sustain another on a like point."

In *Ogden v. Rowley*, 15 Ind. 56, the suit was upon an award. The defense sought to impeach the award for mistake, fraud, &c. It was replied, by way of estoppel, that defendant, in another action between the same parties, founded upon the same cause of action upon which the award sued on was founded, had pleaded in bar of that action the award now sued on, and had thereby defeated said action. It was held, that the defendant, having had the benefit of it as a valid award in that suit, can not be permitted to impeach it in this.

In *Hooker v. Hubbard*, 102 Mass. 239, a suit had been brought on a promissory note. The defendant pleaded, that he had given another note in renewal of it; and thereby defeated the action. He was then sued on the renewal-note, and attempted to defend on the ground that the second note was given on a condition which had not been fulfilled. It was ruled, that the plea and judgment in the former suit estopped him from making that defense.

The following cases assert the same principle : *State National Bank v. N. W. U. Packet Co.*, 35 Iowa, 226; *Crockett v. Lashbrock*, 5 T. B. Monroe, 530; *Milton v. Munford*, 3 Hawks, 483; *Martin v. Ives*, 17 Serg. & R. 364; *Polhill v. Walter*, 3 B. & Ad. 114; *Hall v. White*, 3 C. & P. 136; *Doe, ex dem. v. Lambly*, 2 Esp. 635; *Trustees v. Williams*, 9 Wend. 147.

The following cases, rightly understood, do not conflict with these views. Some of them rest on the phraseology of their statutes, and the others have peculiar features which take them out of the operation of the rule : *Packard v. Swallow*, 29 Me. 458; *Donnell v. Gatchell*, 38 Me. 217; *Sherman v. Barnes*, 8 Conn. 138; *Jenkins v. Bell*, 2 Rich. Eq. 144; *Crane v. French*, 38 Miss. 503.

If it be contended that the principle above stated should not be applied to this case, because the effect will be to compel the payment of the debt to one not the administrator, and therefore not authorized to receive the money ; the answer is twofold: first, it was his own act, by which the defendant placed himself in this condition ; and second, if he defeats this action, he can not be compelled to pay the debt to any one, for he has already defeated the action by Mrs. Hill, who, according to his present contention, is alone authorized to sue and recover. But the estoppel can not act more oppressively in this case, than it may in another well-settled class of cases. If one execute a written promise or contract to another, styling him executor or administrator, this estops him from pleading *ne unques* executor ; and a recovery may be had on such contract, in favor of

one who never-was such personal representative.—1 Brick. Dig. ·984, § 988.  *Nelson v. Boynton*, 54 Ala. 368, is not opposed to these views.

The Circuit Court erred in sustaining defendant's demurrer to plaintiff's replication to the plea of *ne unques*. administrator, and also in the charge given.

Reversed and remanded.