# Caldwell *v.* Smith.

*Statutory Real Action in nature of Ejectment, by Purchaser at Mortgage Sale against Mortgagor.*

·1. *Who is proper party plaintiff; amendment by striking out parties.* A statutory action in the nature of ejectment must be brought in the name of the person who holds the legal title; and if he is described in

[Caldwell v. Smith.]

the summons and complaint as suing for the use of another person, these words may be struck out, by amendment (Code, § 3156), as surplusage.

2. *Plea of tender by mortgagor, to purchaser at mortgage sale.*—A plea of tender, not accompanied with the payment of the money to the clerk of the court, is demurrable (Code, § 2997); and this provision applies to a plea of tender interposed by the mortgagor in defense of an action by the purchaser at a sale under the mortgage, although it is declared by another statute (§ 2879) that the tender "has the effect to re-invest him with the title."

3. *Estoppels; general principle governing.*—In modern times, the doctrine of estoppel has lost the odium once attached to it, and it is now regarded as an important and useful principle, having its origin in moral duty and public policy, intended for the promotion of common honesty and the prevention of fraud; the general principle being, that when a party has procured an advantage to himself, or has induced another person to act to his own prejudice, by the admission or assertion of anything as a fact, he shall not be allowed, in a subsequent suit founded on the same subject-matter, to contradict that admission or assertion.

4. *Estoppel as between landlord and tenant.*—When the tenant enters into the possession on the faith of his lease, or, being in possession, is permitted to remain on recognition of the landlord's title, he is estopped from setting up an outstanding title in defense of an action by his landlord during the continuance of his estate.

5. *Same; conclusiveness of judgment.*—Where the mortgagor, remaining in possession after a sale under the mortgage, and being sued by a sub-purchaser, denied his tenancy under the plaintiff, and claimed to hold under the original purchaser, and thereby (with other pleas) defeated that action; he can not defeat a subsequent action by the original purchaser, by pleading and proving that he held possession as the tenant of said sub-purchaser.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. JOHN MOORE.

This action was brought by Albert A. Smith, against J. Decatur Caldwell, to recover the possession of a tract of land particularly described in the complaint, with damages for its detention; and was commenced on the 29th July, 1879. In the original summons and complaint the plaintiff was described as suing "for the use of John D. Alexander, Alexander C. Davidson, Frederick A. McNeill, and John T. Hollis;" but, after demurrer sustained to the complaint, the court allowed the summons and complaint to be amended, against the objection of the defendant, by striking out this averment, and leaving said Smith as sole plaintiff in his own right. Caldwell died pending the suit, and the action was thereupon revived against his administrator and his heirs at law, who appeared, and filed five pleas. The first plea was not guilty, and the fifth was the statute of limitations of ten years; and the cause was tried on issue joined on these two pleas. The other pleas, to which demurrers were sustained, were in these words:

2. "Defendants say, that the said lands sued for in this case were, to-wit, on the 14th December, 1868, under an alleged mortgage and power of sale alleged to have been made by said

J. D. Caldwell to Patrick, Irwin & Co., sold by said John D. Alexander" (and the three other persons for whose use the suit was originally brought), "they claiming to be the assignees of said Patrick, Irwin & Co., and the right to sell, under an alleged power of sale made by said J. D. Caldwell, on the 24th September, 1868, to said Patrick, Irwin & Co. ; that a sale of said lands was made, under said alleged power of sale, on the 14th December, 1868, and at said sale said lands were purchased by one Albert A. Smith, for the sum of $3,000 ; that said J. D. Caldwell did, according to law, after said sale, deliver the possession of the said lands to the said purchaser ; that on the 13th December, 1870, within two years after said sale, the said J. D. Caldwell tendered to the said Albert A. Smith the purchase-money, $3,000, with ten per-cent. *per annum* thereon, and other lawful charges. And defendants aver that, by the said tender so made by said Caldwell, he, the said J. D. Caldwell, was re-invested with the title to said lands, and that these defendants are his heirs at law and the administrator of his estate." The third plea averred the sale, delivery of possession and tender, in the same words as the second, and then added : "And defendants aver that, by the said tender so made by the said Caldwell, he, the said J. D. Caldwell, was thereby invested with the right of possession to said lands, and was invested with the said right of possession at the time this suit was instituted ; and that these defendants are his heirs," &c. The fourth plea averred " that, on the 14th December, 1870, the day after said tender was made, said J. D. Caldwell was then and there lawfully in the possession of said lands sued for in this action, claiming said lands adversely since said 14th December, 1870, against all the world ; and that the said Caldwell, and these defendants since his death, have continuously remained in the adverse possession of said lands, up to the date of the filing of this plea, and still are in adverse possession thereof."

On the trial, as the bill of exceptions shows, the plaintiff offered in evidence the mortgage executed by said Caldwell to Patrick, Irwin & Co., which was dated November 5th, 1870, and conveyed the lands here sued for ; and this mortgage was admitted as evidence by the court, against several objections on the part of the defendant going to the regularity and sufficiency of its execution and acknowledgement. This mortgage and the note which it was given to secure, were each transferred by said Patrick, Irwin & Co., by assignment dated March 13th, 1868, to said J. D. Alexander and others ; and these assignments were admitted as evidence by the court, against the objections and exception of the defendant. The assignment of the note was thereon indorsed, and was in these words : " Pay the within, which is secured by mortgage, and we transfer the

[Caldwell v. Smith.]

mortgage with this note, to J. D. Alexander, John T. Hollis, A. C. Davidson, and F. A. McNeill." The transfer of the mortgage was indorsed on a certified copy, the original not being at hand at the time, and was in these words : " We transfer this mortgage, with accompanying note described therein, to J. D. Alexander, John T. Hollis, A. C. Davidson, and F. A. McNeill." The mortgage contained no power of sale, but on the 24th September, 1868, said Caldwell executed to said Patrick, Irwin & Co. a written instrument. under seal, which, after reciting the execution and consideration of the mortgage, and the fact that it contained no power of sale, proceeded thus : " Now, therefore, in consideration of the indulgence granted to me upon said debt by said Patrick, Irwin & Co., and in order to save trouble and expense of further legal proceedings in order to close said mortgage, and to effect a sale of the land under the same, I hereby consent that said Patrick, Irwin & Co., or their assignees, or legal representatives, may and shall have full and complete legal authority to close said mortgage by the sale of said lands," &c., specifying the notice to be given, " and apply the proceeds of said sale to the payment of said note therein described," &c. This instrument was offered in evidence by the plaintiff, and was admitted by the court, against the objections and exceptions of the defendant. Under the mortgage and this power of sale, the lands were sold on the 14th December, 1868, by said Alexander *et al.*, as the assignees of Patrick, Irwin & Co., and a deed was executed by them to said Albert A. Smith, the plaintiff in this action, as the purchaser at the sale. The defendant objected to the admission of this deed as evidence, and also to the proof of the advertisement of the sale, insisting that the advertisement and sale were not regularly made ; and he reserved exceptions to the overruling of his several objections. This was the plaintff's documentary title, and the decision of this court renders it unnecessary to state the objections urged by the defendant, and duly reserved by exception, to the different parts of it.

" The plaintiff offered in evidence a portion of the bill of exceptions reserved on a former trial in the case of John D. Alexander, Alex. C. Davidson, Fred. A. McNeill and John T. Hollis, as plaintiffs, against said J. D. Caldwell, as defendant, the same being a part of the testimony of said Caldwell on said trial, as follows : ' The plaintiffs then introduced the defendant as a witness, who testified, that the plaintiffs offered for sale the said lands sued for, as the assignees of Patrick, Irwin & Co., under the mortgage and power of sale aforesaid, at Camden, Alabama, on the 14th December, 1868 ; that one A. A. Smith became the purchaser at said sale, for the sum of $3,000 ; and that he, said Caldwell, continued in the possession of said

[Caldwell v. Smith.]

lands as the tenant of said Smith, and paid rents for said lands for the years 1869 and 1870, up to the date of said tender.' The plaintiff then introduced said F. A. McNeill as a witness, who testified, that he was present at said sale on the 14th December, 1868, and that said J. D. Caldwell was also present. The defendants then introduced one Savage as a witness, and stated to the court that they proposed to prove by said witness, under the general issue, the facts as to a tender set out in the second and third pleas;" which evidence the court excluded, on the plaintiff's objection, and the defendants excepted.    The defendants offered in evidence, also, a conveyance of the lands to said J. D. Caldwell by Jno. F. Bailey, as assignee in bankruptcy of said Caldwell, which was dated April 21st, 1869, and all the proceedings in the matter of said Caldwell's bankruptcy, including his discharge as a bankrupt, which was dated December 6th, 1869; and they reserved exceptions to the several rulings of the court excluding each portion of this evidence.    The defendants then offered in evidence a quit-claim deed for the lands, executed by plaintiff to said Alexander, Davidson, McNeill and Hollis, which was dated July 2d, 1872 ; but this deed, also, was excluded by the court, on the plaintiff's objection, and the defendants excepted.

" The defendants introduced said F. A. McNeill as a witness, who testified, that he did not know from whom said Caldwell rented said lands after said sale on the 14th December, 1868, but that he, as one of the parties interested, collected part of the rent for the years 1869 and 1870 from S. J. Cumming, who claimed to be acting as the agent of said Alexander, Davidson, Hollis and McNeill, in renting out said lands for said years. The defendants then introduced said S. J. Cumming as a witness, who testified that he, as the agent of said Alexander, Davidson, Hollis and McNeill, rented said lands to said Caldwell, for each of said years 1869 and 1870, and, after deducting his charges, paid over said rents to some of said parties named, or to some one for them ; that he remembered paying part of said rents to said McNeill; and that said Caldwell refused to rent said lands for the year 1871, on the ground that, having made a tender to said Smith, of the purchase-money and interest, the title to the lands was thereby re-invested in himself.    The plaintiff then introduced, in rebuttal, the original summons and complaint in the case of said Alexander, Davidson, Hollis and McNeill, as plaintiffs, against said J. D. Caldwell as defendant, together with the defendant's pleas in said action."    The action was brought to recover the same lands now sued for, and was commenced on the 5th February, 1878.    The defendant's pleas, as copied in the transcript, were—1st, not guilty ; 2d, a special plea of tender ; 3d, a suggestion of adverse possession and the

11

[Caldwell v. Smith.]

erection of valuable improvements. The plea of tender averred the sale of the land on the 14th December, 1868, and the purchase by Albert A. Smith at that sale, and then proceeded : "that this defendant remained in possession of said lands after said sale as the tenant of the said Albert A. Smith, and paid him rent therefor, from the date of said sale to the 13th December, 1870, on which last mentioned day, within two years after said sale under said mortgage and power of sale, this defendant redeemed said land, by tendering on said 13th December, 1870, the said purchase-money with ten per-cent. *per annum* thereon, and all other lawful charges, to the said Albert A. Smith, the purchaser aforesaid ; and defendant avers that, by the tender so made by him, he was re-invested with the title to said land."—See the report of that case, in 61 Ala. 543.

It was agreed that the damages, if the jury found for the plaintiff, should be assessed at $850 ; and the above being all the evidence, the court charged the jury, at the request of the plaintiff, that they must find for the plaintiff, if they believed the evidence, and assess his damages at $850. The defendants duly excepted to this charge, and they now assign it as error, together with the allowance of the amendment to the summons and complaint, the judgment on the demurrers to the special pleas, and the several rulings on evidence to which exceptions were reserved by them.

R. GAILLARD, and S. J. CUMMING, for appellants.—(1.) The suit was not properly brought, and no recovery could be had under the complaint. Alexander *et al.*, for whose use the suit was brought, " must be considered the sole party on the record." Code, § 2891. Therefore, when their names were struck out, there was no plaintiff of record ; and allowing the suit to proceed in the name of Smith as the real plaintiff, was the substitution of an entirely new party. This can not be done by amendment.—*Teer v. Sanford*, 1 Ala. 525 ; *McBrayer v. Cariker*, 64 Ala. 50 ; *Dowling v. Blackman*, 70 Ala. 303 ; *Long v. Patterson*, 51 Ala. 408 ; *Johnson v. Martin*, 54 Ala. 273 ; *Crimm v. Crawford*, 29 Ala. 623 ; *Laird v. Moore*, 27 Ala. 328 ; *Friend v. Oliver*, 27 Ala. 532 ; *Anderson v. Robertson*, 32 Miss. 241 ; *McKay v. Broad*, 70 Ala. 377 ; *Skinner v. Bedell*, 32 Ala. 44 ; *White v. Nance*, 16 Ala. 345. A similar difficulty, in actions for the recovery of land, was found to exist in New York, and was remedied by statute.—*Hamilton v. Wright*, 37 N. Y. 506 ; *Livingston v. Proseus*, 2 Hill, 529 ; Tyler on Ejectment, 937–8. (2.) The pleas of tender were each good and sufficient, although not accompanied with the payment of the money into court. The statute requiring that a plea of tender must be accompanied with the payment of the

[Caldwell v. Smith.]

money into court (Code, § 2997), it is submitted, applies only to actions on contracts, a tender being in the nature of performance; and though the plaintiff may maintain the action, his debt not being extinguished, he recovers neither interest nor costs. But the statute for the redemption of real estate, under which this tender was made (Code, § 2879), gives the same effect to a tender as to a payment, declaring that " such payment or tender has the effect to re-invest him with the title ;" and it gives an action for the recovery of possession, if the tender is refused.—*Trimble v. Williamson*, 49 Ala. 525 ; *Johnson v. Nabring*, 50 Ala. 392 ; *Morris v. Beebe & Henshaw*, 54 Ala. 307 ; *Carlin v. Jones*, 55 Ala. 630 ; *Searcy v. Oates*, 68 Ala. 111 ; *Edwards v. Farmers' Insurance Co.*, 21 Wendell, 488 ; s. c., 26 Wendell, 557 ; *Kortright v. Cady*, 21 N. Y. 343 ; 5 Rob. Prac. 947. (3.) The defendant should have been allowed to prove, under the general issue, the facts set up in the pleas of tender. In ejectment, or the corresponding statutory action, the plaintiff must recover on the strength of his own title— must show a paramount legal title, or right of possession as against the defendant, both at the commencement of the suit, and at the time of the trial ; and any evidence is admissible under the general issue, which tends to disprove his right to recover.—Tyler on Ejectment, 75–7, 87, 176 ; *Slaughter v. McBryde*, 69 Ala. 510 ; *Scranton v. Ballard*, 64 Ala. 402 ; *Heflin v. Bingham*, 56 Ala. 566 ; *Baucum v. George*, 65 Ala. 259 ; 5 T. R. 110 ; 1 East, 246 ; Chitty's Pl. 172, 209 ; 2 Greenl. Ev. §§ 303–30 ; 7 Cowen, 35 ; 10 Wendell, 112 ; 11 Johns. 132. (4.) The extract from the bill of exceptions in the former case of *Alexander et al. v. Caldwell*, was not competent evidence against the defendant here.—Herman on Estoppel, § 322 ; *S. & N. Railroad Co. v. Wood*, 72 Ala. 451. (5.) At law, an estoppel resting in parol can have no effect on the title to land.—Cases cited in 1 Brick. Dig. 796, § 7 ; *Lehman, Durr & Co. v. Shook*, 69 Ala. 486. Mere silence, or an omission to assert a right, will not operate an estoppel in any case, when resulting from ignorance.—*Allen v. Kellam*, 69 Ala. 442 ; *Owen v. Slatter*, 26 Ala. 547 ; *Sloan v. Frothingham*, 65 Ala. 593 ; *Colbert v. Daniel*, 32 Ala. 314 ; *Walls v. Grigsby*, 42 Ala. 473. (6.) A tenant may show that his landlord's title has expired by operation of law, and that he has acquired an independent title outside of his tenancy.—*Randolph v. Carlton*, 8 Ala. 606 ; *English v. Key*, 39 Ala. 114 ; *Otis v. McMillan*, 70 Ala. 47 ; *Jackson v. Davis*, 5 Cowen, 123 ; Tyler on Ejectment, 560 ; Taylor's Land. & Tenant, 597 ; Herman on Estoppel, § 349 ; 2 Greenl. Ev. § 305. The defendant did not enter originally under either Smith or Alexander ; and though he paid rent for two years, up to the time of the tender,

under the supposition that the sale under the mortgage and power was valid and regular, he has been holding in adverse and independent right ever since the tender ; and he should not now be estopped from showing, as he did in this case by the objections urged to each part of the plaintiff's chain of title, that no title ever passed by that sale, and that he paid rent in ignorance and misapprehension of his own rights.—Amer. Law Review, October, 1871, p. 1 ; *Tewksberry v. McGeaff*, 33 Cal. 237 ; *Franklin v. Merida*, 35 Cal. 558 ; *Ingraham v. Baldwin*, 9 N. Y. 45 ; *Jackson v. Spear*, 7 Wendell, 401 ; *Swift v. Dean*, 11 Vermont, 323 ; *Shultz v. Elliott*, 11 Humph. 183 ; *Stokes v. McKibben*, 15 Penn. St. 267 ; *Emory v. Harrison*, 15 Penn. St. 315 ; *Shelton v. Carroll*, 16 Ala. 148 ; *Pearce v Nix*, 34 Ala. 183 ; *Jackson v. Leake*, 12 Wendell, 105. (7.) The judgment rendered in the former suit can not operate as a bar or estoppel in this case. The judgment was one of nonsuit, and the only point actually decided was, that the plaintiffs there could not recover.—Freeman on Judgments, § 257–8, 252, 261 ; *Jones v. McCall*, 72 Ala. 368. Several pleas were filed in that case, and the record does not show on what issue the decision was made.

BROOKS & ROY, *contra*, cited *Alexander v. Caldwell*, 61 Ala. 543 ; *Dane v. Glennon*, 72 Ala. 160 ; *Hill v. Huckabee*, 70 Ala. 183 ; *Norwood v. Kirby*, 70 Ala. 397 ; Herman on Estoppel, § 165 ; *Trustees v. Williams*, 9 Wendell, 147 ; *Martin v. Ives*, 17 Serg. & R. 364 ; *Vanderver v. Wilson*, 73 Ala. 389.

SOMERVILLE, J.—1. There is no error in the action of the court allowing the plaintiff to amend his complaint, by striking out the beneficiaries for whose use the suit purported to be brought. We so ruled in *Dane v. Glennon*, 72 Ala. 160, where we held, that sections 2890-91 of the Code (1876) had no application to suits in ejectment.

2. The demurrers to the second and third pleas were properly sustained, these pleas being defective for failure to aver a delivery of the money to the clerk of the court, which money is alleged to have been tendered to the plaintiff for the redemption of the lands in controversy. We refuse to depart from the ruling on this point made in the case of *Alexander v. Caldwell*, 61 Ala. 543.

3. It is insisted that the appellant in this case is estopped from denying that his intestate, J. Decatur Caldwell, was the tenant of the plaintiff, holding possession of the lands sued for, under the plaintiff as a landlord. The basis of this alleged estoppel is, that, in an action of ejectment brought by one Alexander for these same lands, in July, 1879, Caldwell set up

the defense that he was not the tenant of Alexander, but of Smith, and that, by means of this representation, supported by his own oath in evidence, he defeated said action, or derived to himself some advantage which may have operated to obtain a verdict in his favor under the issues made in the cause, and thereby induced the plaintiff to bring the present action. For this reason, it is contended, Caldwell's personal representative can not be permitted to defeat this suit now brought by Smith, by asserting that he was Alexander's tenant, and not Smith, the plaintiff's. In other words, he defended, and may have defeated Alexander's suit, by asserting that he was Smith's tenant; now he can not defeat Smith's suit, by asserting that he was Alexander's tenant—the evidence showing that he was either the one or the other.

It was anciently said, that estoppels were odious, because they *stopped* or closed one's mouth from alleging the truth. Co. Litt. 352 *a*. But, in modern times, the doctrine has certainly lost its odium, and may now be regarded as one of the "most important, useful, and just agencies of the law."—Bigelow on Estop. 44. It has its origin in moral duty and public policy; and its chief purpose is the promotion of common honesty, and the prevention of fraud. Where a fact has been asserted, or an admission made, through which an advantage has been derived from another, or upon the faith of which another has been induced to act to his prejudice, so that a denial of such assertion or admission would be a breach of good faith, the law precludes the party from repudiating such representation, or afterwards denying the truth of such admission. 1 Greenl. Ev. (14th Ed.) §§ 27, 207. So, a party who either obtains or defeats a judgment, by pleading or representing anything in one aspect, is generally held to be estopped from giving the same thing another aspect, in a suit founded upon the same subject-matter.—Herman on Estop. § 165. It was accordingly held by us, in *Hill v. Huckabee*, 70 Ala. 183, where a defendant had defeated a former suit for the same cause of action, on the ground that the plaintiff was not administratrix, by reason of her removal from such office, that, upon a second suit brought, the defendant would be estopped from denying the existence of such vacancy in the administration, and, as a consequence, from denying that the plaintiff's appointment afterwards made was regular and valid.

4. The existence of the relation of landlord and tenant, as between the plaintiff and the defendant in an action of ejectment, is a fact of vital and controlling importance. The rule is, that the tenant is estopped from disputing his landlord's title, so long as he continues in possession of the demised premises. After taking possession on the faith of his lease, or

[Caldwell v. Smith.]

being permitted to remain in such possession, in recognition of the landlord's title, the tenant is precluded from setting up an outstanding title with the view of defeating that of the land-lord.—*Norwood v. Kirby,* 70 Ala. 397; *Houston v. Farris,* 71 Ala. 570; 1 Greenl. Ev. § 207. The issue made on the first trial, involving the relationship of the parties, was one in which the particular defense made was sufficient to defeat the action. It does not matter that other defenses were also made. The court will not speculate, in such case, as to which defense actually controlled the verdict of the jury. Each becomes *res adjudicata.* It is sufficient that an issue was made, which in-volved the determination of the fact presented for defense, and the truth or falsity of which the jury may have found under the pleadings.—Freeman on Judg. §§ 276 *a,* 272.

The evidence is conclusive that Caldwell was the tenant either of Alexander, or of Smith. Having possibly defeated Alexander's suit by proving that he was Smith's tenant, he is, in our opinion, now estopped from attempting to defeat Smith's suit, for the same subject-matter, by proving that he was Alex-ander's tenant. The law of estoppel is but a branch of the law of evidence, and such evidence is precluded by every con-sideration of good faith, sound morality, and public policy.

The evidence in the present case does not tend to prove that the landlord's title had expired, or been extinguished, so as to bring it within the principle settled in *Houston v. Farris,* 71 Ala. 570; s. c., 74 Ala. 162. The tender made by Caldwell to Smith, being insufficient, did not operate to affect Smith's title.—*Alexander v. Caldwell,* 61 Ala. 543.

Under the foregoing principles, the defendant could take no advantage of any of the alleged defects of plaintiff's title, and the other rulings of the court complained of, if errors at all, are errors without injury.

The judgment should, in our opinion, be affirmed.

STONE, C. J.—In *Alexander v. Caldwell,* 61 Ala. 543; the questions considered were raised by the second plea, which, after stating that the lands had been sold under the power of sale attached to Caldwell's mortgage, at which sale Smith, the present plaintiff, became the purchaser, proceeded as follows: "That this defendant (Caldwell) remained in possession of said lands after said sale, as tenant of said Smith, and paid him rent therefor, from the date of said sale, to the 13th day of December, 1870; on which last mentioned day, and within two years after said sale under said mortgage and power of sale, the defendant redeemed said lands, by tendering on the 13th day of December, 1870, the purchase-money with ten per-cent. *per annum* thereon, and all other lawful charges, to said Albert

[Caldwell v. Smith.]

A. Smith, the purchaser as aforesaid; and defendant avers that, by said tender as aforesaid by him, he was reinvested with the title to said lands. And said defendant suggests that he has, for three years next before the commencement of this suit, had adverse possession of said lands, and has made valuable and permanent improvements thereon, to the value of one thousand dollars."

Plaintiff moved to reject this plea, as insufficient and frivolous, which motion the court overruled. Plaintiff then demurred to the plea, and the court overruled the demurrer. Issue was then taken upon it, and there was a verdict and judgment for the defendant. On this issue, Caldwell himself was examined as a witness, and testified to every material averment of his plea, including that of his retaining and holding possession under Smith, up to the time of his attempted disseisin of his landlord by tender.

On appeal to this court, we held the plea fatally defective as a plea of tender, and that the legal title, resting in Smith, had not been thereby devested. The effect of our ruling was, that the legal title remained in Smith, so far as he and Caldwell were concerned. Caldwell, being in under Smith, could not, without either abandoning the possession, or by showing that plaintiff's title had failed by agencies other than his own, be heard to gainsay Smith's right of recovery, unless he could show his tender was sufficient. Such are the disabilities under which a tenant rests in regard to his landlord.—*Houston v. Farris*, 71 Ala. 570; *Norwood v. Kirby*, 70 Ala. 397; *Randolph v. Carlton*, 8 Ala. 606. We ruled, however, in that case, that Caldwell was not estopped from asserting adverse possession against Alexander, the plaintiff in that suit; and so we held, that while the defense, as a plea of tender, was wholly insufficient, as a defense of adverse holding it was sufficient, and did defeat the operation of the conveyance under which Alexander claimed. Under the testimony then given—Caldwell's testimony—we would have reversed and remanded the cause, with such ruling as that, if Smith had been the plaintiff, his recovery would have been inevitable. Alexander, however, being the plaintiff in that suit, and his right to recover being denied, because of Caldwell's self-testified defense that he held adversely when Alexander's title accrued, we declined to remand the cause for another trial. We declined to remand, because, as the pleadings and proof then appeared, Alexander never could recover, although Caldwell's title was invalid.

If it had appeared on that trial, as it is attempted to be shown in this, that Caldwell had remained in possession as Alexander's tenant, we would have reversed and remanded the cause, with such directions that there must have been a judgment for

[National Commercial Bank v. Miller & Co.]

plaintiff. The question, in its last analysis, is then reduced to this: Pleading and proof of tenancy taken under Smith, defeats Alexander's action; in this, Smith's suit, it is sought to defeat the plaintiff by proving that Caldwell's tenancy was taken under Alexander. On the strength of Caldwell's testimony on the first trial, he obtained a valuable benefit in the defeat of Alexander's suit. It is now attempted, by disproving what was then proved, to secure to Caldwell's estate another benefit, in defeating Smith's suit. One of these lines of defense must, of necessity, be untrue. We may concede it was the first. Yet, under its maintenance as true, Caldwell gained that suit. He will not be allowed to deny it, as a means of defeating this.—*Hill v. Huckabee*, 70 Ala. 183.

I concur in the judgment of affirmance in this case.