# Aultman & Co. *v.* Gamble.

*Action on Promissory Note, by Assignee against Makers.*

1. *Cross demands, as payment or set-off.*—A cross demand, though it may be a good set-off, is not a payment, unless there is a mutual agreement to that effect.

2. *Estoppel by judgment.*—If the maker of a promissory note, while it is in the hands of an assignee, claims a cross demand as payment, and, not being able to make an agreement to that effect, brings suit, and recovers judgment on his demand, he is thereby estopped, as against a subsequent assignee, from insisting on his demand as a payment; and the fact that the justice of the peace, into whose hands the claim had been placed, advised the bringing of the suit, does not affect the estoppel.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. JOHN B. TALLY.

This action was brought by "C. Aultman & Co., a foreign corporation," against J. E. & W. Allred and John Gamble; and was commenced in a justice's court, on the 3d July, 1888. The action was founded on the defendants' promissory note for $90, which was dated February 14th, 1884, and payable on the 1st November, 1884, to David M. Pruitt or order; which had been assigned by said Pruitt to one Elias Kelton, and by Kelton to the plaintiff. Gamble had signed the note as surety for the other makers, and he alone defended the suit, pleading payment, and accord and satisfaction; on which pleas issue was joined. On the trial in the Circuit Court, as the bill of exceptions shows, the plaintiff read the note in evidence, on which were indorsed two credits, or partial pay-

[Aultman & Co v. Gamble.]

ments: $35.75, as of December 10th, 1884, and $12.25, as of January 1st, 1885. The plaintiff also introduced Elias Kelton as a witness, who testified to the transfer of the note to him by Pruitt, and his subsequent transfer to plaintiff, as collateral security for an existing indebtedness; also, to the partial payments indorsed on the note as credits, which were made to him by Gamble while he held the note; that on January 1st, 1885, when the last credit was entered, he and Gamble had a settlement, and $12.25 was the balance found due to Gamble; and that he transferred the note to plaintiff a few days afterwards, and notified Gamble of the transfer. The defendant then introduced evidence "tending to show that he paid to Kelton on said note, while held and owned by him, the following amounts," specifying items which amounted to about $70, "and that Kelton agreed, at the date of said several items, that each should be a payment on said note, and so received each amount." The plaintiff proved that, in March, 1886, defendant brought suit against Kelton before R. H. Wharton, a justice of the peace, and recovered a judgment in August, 1887, for these several items of account; introducing for this purpose an exemplification of the justice's judgment, and the justice himself as a witness. Said Wharton having testified, on cross-examination, that while the claim was in his hands, and after the parties had appeared several times, "Kelton told him that he and Gamble could not agree as to the amount to be credited on the note, and that he was going to give it to Mr. Hamill," as collateral security for a debt which he owed to plaintiff. Defendant asked the witness, in rebuttal, "What did you say to Gamble in regard to bringing suit on the note?" and the court allowed the witness to answer, against the objection and exception of the plaintiff, that he told Gamble Kelton had taken the note, "and that he would have to sue on his account."

The plaintiff asked the court to charge the jury, "If they believed from the evidence that the items forming the account, upon which the judgment in the justice's court was rendered, and the items claimed as credits on the note sued on, are the same; then the defendant is not entitled to a credit on the note for such items." The court refused this charge, and the plaintiff excepted.

The rulings above stated are now assigned as error.

DICKINSON & HALL, for appellant, cited *Goldthwaite v. Nat. Bank*, 67 Ala. 594; *Bostick v. Scruggs*, 50 Ala. 10;

[Aultman & Co. v. Gamble.]

Callan v. McDaniel, 72 Ala. 96; Davidson v. Rothschild, 49 Ala. 104; Hallett & Walker v. O'Brien, 1 Ala. 587; Hill v. Roberts, 86 Ala. 523; Adams v. Shelby, 10 Ala. 478; Freem. Judgments, §§ 417a, 215-17; Cook v. Parham, 63 Ala. 456; Mervine v. Parker, 18 Ala. 241; Prickett v. Maddox, 75 Ala. 315; Bobe v. Stickney, 30 Ala. 489.

STONE, C. J.—This case was tried alone on pleas of payment. It is nowhere denied that the paper sued on represented, at one time, a bona fide, subsisting debt from Gamble to Pruitt, the payee. This note, the paper sued on, was traded and transferred to Kelton, who continued its owner for some time. The precise shape the defense assumed is as follows: Defendant, Gamble, claimed, and testified to its truth, that while Kelton held his note, he, Kelton, became indebted to him, Gamble, in several amounts, the aggregate of which was equal to the amount of the note sued on, and that by mutual agreement between him and Kelton, said cross demands were to stand and be treated as payments on the note. Kelton denied this, and testified, not only that no such agreement was made, but that all he owed Gamble had been credited on the note. There were two credits indorsed on the note, amounting to forty-six dollars. Cross demands are not payments, unless there is a mutual agreement to that effect.—Wharton v. King, 69 Ala. 365.

Against the allowance of this alleged payment, plaintiff proved by the defendant himself, and by an exemplification of the proceedings before the justice of the peace, that Gamble sued Kelton on the alleged items of payment which he claims in this case as an indebtedness to him, and recovered judgment for their amount. This, it is claimed, precludes the defendant from setting up said demands as payment in this suit. We think this contention sound. Those items, or claims, could not be a payment on Gamble's note held by Kelton, and, at the same time, remain an indebtedness from Kelton to him, that would support an independent action against the former. The two categories are incompatible with each other. And Gamble, having elected to treat the claim as an independent cause of action, and having brought suit and recovered judgment upon it as such, has estopped himself from setting it up as payment. Hill v. Huckabee, 70 Ala. 183; Caldwell v. Smith, 77 Ala. 157. The first charge asked by plaintiff asserts the law correctly, and should have been given.

[Gelbke v. Gelbke.]

Defendant's counsel asked the witness Wharton, the justice of the peace, what he had advised Gamble in reference to bringing suit on the account; and, against the objection and exception of plaintiff, he was permitted to answer that he had advised that suit be brought. This testimony was illegal, and could in no sense impair the force of Gamble's election to sue the claim to judgment against Kelton. It was the act which determined the election, and worked the estoppel, and not the motive or advice which brought it about.

Reversed and remanded.