# Boyett *v.* Standard Chemical & Oil Co.

*Action on Notes and Common Counts.*

(Decided April 10th, 1906. 41 So. Rep. 756.)

1. *Exceptions, Bill of; Reduction of Testimony; Court Rules; Compliance.*—A bill of exceptions will not be stricken for failure to comply with the circuit court rule number 33, subd. 5 (Code 1896, p. 1201) where the testimony set out in extenso relates to a material point in the case, and was given by several witnesses, and could not be condensed into a general statement.

2. *Appeal; Review; Harmless Error.*—The complaint contained counts on notes and counts on the common counts for goods sold and delivered. The court gave the general charge in favor of the plaintiff as to the counts on the notes, and the finding of the jury showed that its verdict was on these counts. Held, all rulings as to the common counts, or objections to their being joined in the same complaint with counts on notes, if error, was harmless to the defendant, appellant here.

3. *Pleading; Inconsistent Defenses.*—Plaintiffs sold defendants certain fertilizers under a void contract; afterwards the account was closed by several notes. The complaint joined counts on the notes and on the common counts. The defendant set up payment of the demand under the common counts by the execution of the notes. Held, defendant was not es-

topped to deny the validity of the notes by his plea interposed to the common counts.

4. *Bills and Notes; Attorney's Fees; Pleading; Joinder.*—The agreement in each note to pay attorney's fees being additional to the other obligation of the note, plaintiff could embody in one count all his claim for attorney's fees provided for in the notes.

APPEAL from Covington Circuit Court.

Heard before HON. H. A. PEARCE.

This was an action begun by attachment at the instance of appellee on certain notes executed by appellant to appellee covering the sales of fertilizer. The complaint contained several counts declaring on the notes and other counts on the common counts. The defendants answered by pleas as follows: (1) The general issue; (2) not indebted; (3) want of consideration; (4) failure to procure license from the commissioner of agriculture to do business as a fertilizer dealer; (5, 6, 7, 8) were no tags; (9, 10) that the fertilizers manufactured by plaintiff were not guaranteed and a written or printed statement setting forth the ingredients filed with the commissioner of agriculture. To the common counts, the defendant pleaded payment of the same by the execution of the note sued on in the other count. The other facts necessary to an understanding of the opinion appear therein.

STEWART, SOLLIE & KIRKLAND, STEINER, CRUM & WEIL, STALLINGS & REID, A. WHALEY and J. MORGAN PRESTWOOD, for appellant.—The court erred in permitting plaintiff to amend its original complaint founded on promissory waive notes by adding the common count for goods and chattels sold.—*McCrummin v. Campbell*, 82 Ala. 566; *Johnson v. Selden*, 140 Ala. 418. The court erred in giving plaintiff the affirmative charge upon his counts declaring on waive notes. No estoppel arises out of the pleas interposed by defendant. As many pleas may be filed as may be desired, even though some are inconsistent with others.—§ 3295, code 1896; *McDonald v. Montgomery St. Ry.*, 110 Ala. 161. Another reason

why no estoppel arises out of these pleas is that plaintiff cannot invoke an estoppel to enable it to enforce an illegal contract.—15 Am. & Eng. Ency. of Law, (2d Ed.) 1014, 1015; *Moog v. Hannon*, 93 Ala. 503; *Hancuras v. Goodloe*, 101 Ala. 162; *W. U. Tel. Co. v. Young*, 138 Ala. 244; *Turner v. Bank*, 126 Ala. 404; *Jemison v. R. R. Co.*, 125 Ala. 383; *Camp v. Bruce*, 70 Am. Rep. 873; *Marks v. Hastings*, 101 Ala. 162. An estoppel must be pleaded. —*Hall & Farley v. Henderson*, 126 Ala. 490; *Jones v. Peebles*, 130 Ala. 269.

A. A. WILEY, POWELL, ALBRITTON & ALBRITTON and HENRY OPP, for appellee.—The law is well settled that where a waive note is taken in payment or settlement of an account, it operates as a payment of the account.—*Lee v. Green*, 83 Ala. 491. The defendant by his pleas estopped himself from denying liability on the note.—2 Herman on Estoppel, §§ 1049, 1056 and 1118; *Hill's Admr. v. Huckabee's Admr.*, 70 Ala. 183; *Caldwell v. Smith*, 77 Ala. 157; *Lehman, Durr & Co. v. Clark*, 85 Ala. 109; *Hodges v. Winston*, 95 Ala. 514; *Dickson v. McLarney*, 97 Ala. 392; *Woodruff v. Stough*, 107 Ala. 327.

The court did not err in permitting the amendment to the complaint.—*Mayhan v. Smitherman*, 71 Ala. 563; *Birmingham R. & E. Co. v. Allen*, 99 Ala. 359.

SIMPSON, J.—This was an action commenced by attachment on promissory notes, given for commercial fertilizers. Common counts were afterwards added, and various questions and exceptions raised thereon, and finally the general charge was given in favor of plaintiff on the counts based on the notes, and judgment rendered for plaintiff (appellee).

A motion is made by appellee to strike the bill of exceptions for failure to comply with rule 33, subd. 5, circuit court (Code 1896, p. 1201). While there are some portions of the testimony which might have been shortened, yet the greater part of that to which attention has been called as having been unnecessarily set out in ex-

tenso relates to tagging of the fertilizer, which was a material point in the case, and from the fact that the witnesses testified separately to separate and several portions of the goods taken out of the cars at different times, from all of which items of testimony the jury would have to make up its verdict, it could not well have been condensed into a general statement, and, even as to the testimony in regard to the shipment of the goods, although the defendant admitted receiving the goods, yet this might have been important in identifying the goods in regard to which each witness testified by reference to the cars and brands of the fertilizers. We cannot say that this was such a flagrant violation of the rule as to justify the striking of the bill of exceptions. As the court gave the general charge in favor of the plaintiff as to the several counts based on the notes, and the verdict of the jury shows that they found for the plaintiff, on those counts alone, all rulings on the common counts or on objections to their being joined in the same complaint, with the counts on the notes, if error at all, was error without injury to the appellant.

The plaintiff contends that the court was authorized to give the general charge in favor of the plaintiff, on the counts based on the notes, because the defendant was estopped by his pleadings from denying the validity of the notes; the defendant having interposed pleas to the common counts, setting up payment of the demands sued on, by the execution of the notes, and, under the rulings of the court, having gone to trial on said issue. "It is true that a party who has with knowledge of the facts assumed a particular position in judicial proceedings is estopped to assume a positon inconsistent therewith, to the prejudice of the adverse party," or, as otherwise expressed, "a party who defeats a judgment, by pleading or presenting a thing or judgment in one aspect, is estopped from giving it another, in the same or another suit, founded on the same subject matter."—16 Cyc. p. 796; *Pres. Con. of S. v. Williams*, 9 Wend. (N. Y.) 147; *Ogden v. Rowley*, 15 Ind. 56; *State Nat. Bank v. N. W. P. Co.*, 35 Iowa, 226; *Hooker v. Hubbard*, 102 Mass. 239;

*Hill's Adm'r v. Huckabee's Adm'r,* 70 Ala. 183, 188, 189; *Caldwell v. Smith,* 77 Ala. 157, 165; *Lehman Durr & Co. v. Clark,* 85 Ala. 109, 113, 114, 4 South. 651; *Dickson v. McLarney,* 97 Ala. 383, 392, 12 South. 378; *Hodges v. Winston,* 95 Ala. 514, 11 South. 200, 36 Am. St. Rep. 241; *Taylor v. Crook,* 136 Ala. 356, 378, 34 South. 905, 96 Am. St. Rep. 26. Yet that principle does not apply where the instrument sought to be set up by estoppel is void on account of the violation of penal statutes. "The same rule of public policy which forbids the execution of the contract forbids the giving of a quasi validity thereto."—15 Am. & Eng. Ency. Law (2d Ed.) p. 101. "Validity cannot be injected into an illegal contract or act by way of estoppel," nor can "the defense of illegality be held to have been waived."—*Western U. Tel. Co. v. Young,* 138 Ala. 240, 246, 36 South. 374. A sale of fertilizer without compliance with the statute is void, and no recovery can be had for the price, nor on any note given for the consideration thereof.—3 Mayfield's Dig. p. 791.

There was no error in overruling the demurrer to the fifth count. The agreement to pay an attorney's fee is one additional to the regular obligation of the note, and there is no objection to embodying in one count a claim for all the attorney's fees claimed in the suit, as it is all one subject, and no confusion arises therefrom.

There was no error in the ruling of the court excluding the certified copy of register of fertilizers manufactured, as it was merely negative evidence, and did not show that plaintiff had not filed a proper paper.

For the error in giving the general charge for the plaintiff, the judgment of the court is reversed, and the cause remanded.

WEAKLEY, C. J., and TYSON, and ANDERSON, JJ., concur.