# Lehman, Durr & Co. *v.* Clark.

*Action on Promissory Notes, by Assignee against Makers.*

1. *Cumulative remedies against stockholder, by action on note and by garnishment.*—A stockholder's note for his unpaid subscription having been assigned by the corporation as collateral security for borrowed money, and judgment for the money being afterwards obtained against the corporation, and assigned to a purchaser, together with the stockholder's note held as collateral; the assignee may proceed against the stockholder, either by garnishment on the judgment, as the debtor of the corporation, or by action on the note.

2. *Same; garnishment as defense to action; estoppel by pleading.*—In such case, the garnishment proceeding can not be defeated, because the plaintiff (assignee) is the holder of the note, and may maintain an action on it; yet, if he interposes that defense, and it is erroneously sustained by the court, the judgment discharging him is not a bar to an action on the note, since he is estopped by his own pleading in the garnishment suit.

3. *Fraud in procuring assignment from purchaser at bankrupt sale, as defense to action on assigned note.*—A fraudulent agreement between plaintiff and a purchaser at bankrupt sale, to the effect that plaintiff would not bid against him at the sale, in consideration that the note sued on, which was included in the sale, should be transferred to him, is not available to the maker of the note as a defense to the action.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

This action was brought by Henry W. Clark against the appellants, as the makers of two promissory notes, dated January 1st, 1873, and payable on the 1st January, 1877 and 1878, respectively, to the Masonic Temple Association; and was commenced on the 29th December, 1882. The notes were given in part payment of the defendants' subscription for stock in said Masonic Temple Association, and

the plaintiff sued as the holder and owner of them. The pleadings were voluminous and complicated, but only two material issues were evolved, and these grew out of the following facts: The Masonic Temple Association was a domestic corporation under the laws of Alabama, and the several subscribers for stock, including the defendants, gave their notes for the amount of their subscriptions, payable in installments, as shown by the notes. Said corporation borrowed $40,000 from the Southern Life Insurance Company, of Memphis, Tennessee, gave its note for the amount, secured by a mortgage on its property in Montgomery, and also transferred, as collateral security, the said notes of its several stockholders. Said Memphis corporation became bankrupt in 1878, and all of its property and assets was transferred to Oscar Wooldridge and others as assignees. The assignees foreclosed the mortgage, M. P. LeGrand being the purchaser of the real estate; and they recovered a judgment against the Masonic Temple Association, for the balance of the debt. This judgment was afterwards sold by the assignees, under an order of the Circuit Court in bankruptcy, together with the notes of the several stockholders held as collateral security, M. P. LeGrand becoming the purchaser; and he afterwards transferred the notes and the judgment to H. W. Clark. An action was then brought by Clark, in the name of the assignees in bankruptcy suing for his use, founded on the judgment; and he recovered a judgment in said City Court, in February, 1881. A writ of garnishment was sued out on this judgment, against Lehman, Durr & Co., George B. Holmes, and other stockholders, whose notes had been transferred; and they were summoned to answer as to their indebtedness to the Masonic Temple Association. An answer was filed by Lehman, Durr & Co., admitting the execution of the notes now sued on, and that they were unpaid; but they alleged that Clark was himself the owner and holder of said notes, and therefore, under the advice of counsel, denied that they were indebted to the Masonic Temple Association. Clark contested this answer, alleging that he only held the notes as collateral security; and an issue being formed between the parties, the court held, in its rulings on the pleadings, and in its charge to the jury, that the garnishees were not liable, and they were discharged.

The judgment in the garnishment case was in these words: "Came the garnishees, and answered the writ of garnishment;

[Lehman, Durr & Co. v. Clark.]

and the said H. W. Clark filed his affidavit that, in his belief, said answer was untrue. Thereupon, an issue was made up under the direction of the court, and the garnishees filed their answer to said issue; to which said Clark demurred, and the court overruled the demurrer. Thereupon, said Clark filed an answer to said garnishees' answer, to which they demurred, and the court sustained the demurrer. Said Clark then demanded a trial of the issue by a jury, and thereupon came a jury," &c., "who, upon their oaths, do say, they find said issues in favor of said garnishees. It is therefore considered by the court, that said garnishees be discharged," &c.

In the garnishment case against Holmes, a similar answer was filed, and the same proceedings had, as in the case of Lehman, Durr & Co., the garnishee being discharged; but the plaintiff sued out an appeal from that judgment, and it was reversed by this court.—*Wooldridge v. Holmes*, 78 Ala. 568. No appeal was taken from the judgment discharging Lehman, Durr & Co., as garnishees, and this action was commenced before that judgment was rendered. By plea *puis darrein continuance*, the defendants set up that judgment in bar of the action; but the court held, in its rulings on the pleadings, that it was not conclusive, and instructed the jury to find for the plaintiff. Another special plea averred, that Clark procured the notes by transfer from LeGrand, without consideration, under and pursuant to a verbal agreement between them and Moses Brothers, to the effect that, if they would not bid against LeGrand at the sale by the assignees in bankruptcy, he would pay Moses Brothers $1,800, or other large sum, and would transfer the judgment, with the notes held as collateral, to Clark. To this plea the court sustained a demurrer. The rulings of the court on these two defenses, presented in different forms, are now assigned as error.

WATTS & SON, for appellants.—The judgment discharging the defendants as garnishees is a conclusive bar in this case. Clark was the beneficial plaintiff in that suit, and he is bound by the judgment as if he had been the nominal plaintiff. Code, § 2595; 1 Herman on Estoppel, § 135. The liability of the garnishees was actually involved in the garnishment proceeding, as this court decided in *Wooldridge v. Holmes*, 78 Ala. 568. The judgment discharging the garnishees, though erroneous, has never been reversed; and it is con-

clusive as to their liability on the notes.—*Tankersly v. Pettis*, 71 Ala. 179; *Waring v. Lewis*, 53 Ala. 615; 2 Brick. Digest, 145, § 145; *Tarleton & Pollard v. Johnson*, 25 Ala. 300. (2.) The agreement under which the plaintiff obtained the notes, being a fraud on the bankrupt estate, or its creditors, and violative of public policy, will not be enforced by the courts.

TROY, TOMPKINS & LONDON, and L. C. SMITH, *contra*, cited *McCall v. Jones*, 72 Ala. 368; *Haas v. Taylor*, 80 Ala. 459; *Hamner v. Pounds*, 57 Ala. 348; *Gilbreath v. Jones*, 66 Ala. 129; 1 Herman on Estoppel, § 258; *McCausland v. Drake*, 3 Stew. 344; *Wood v. Steele*, 65 Ala. 436; Greenhood on Public Policy, 59.

SOMERVILLE, J.—The main point raised by the present record is one involving the question of *res adjudicata*. It is contended by appellants, that their discharge as garnishees, in the garnishment proceeding brought by Wooldridge on the judgment obtained by him, for the *use* of Henry W. Clark, against the Masonic Temple Association, is a full defense to the present suit, which is one brought in the name of Clark himself, claiming to be the holder and *quasi*-owner of the notes due by the garnishees, Lehman, Durr & Co., for their unpaid stock subscriptions to said Masonic Temple Association.

The facts in the garnishment suit were, in substance, precisely those that existed in the case of *Wooldridge v. Holmes*, 78 Ala. 568; the defendant Holmes and the appellants occupying analogous positions, as garnishees and stock-subscribers in the same corporation. In that case, as here, it appeared that the judgment on which the garnishment issued had been recovered in the name of Wooldridge, for *the use* of Clark as beneficiary. Clark was considered, therefore, by the terms of the statute, as the sole party plaintiff on the record.—Code, 1886, § 2595. The defense set up to that suit by Holmes was, that the plaintiff held the stock-subscription note due by the garnishee, as collateral security for the judgment on which the garnishment proceeding was based. It was said by the court, that this fact was no answer to the garnishment suit, and constituted no reason why Wooldridge could not condemn the debt for the use of Clark, although the latter could have elected to sue in his own name on the note, for the purpose of enforcing his lien on it. If

[Lehman, Durr & Co. v. Clark.]

he desired to waive this lien, and condemn the note by garnishment, he could do so. The effect of this decision, in substance, was to hold that Clark had open to him a choice of two separate proceedings: (1) he could sue directly on the Holmes note, by virtue of his being a holder of it as collateral security for his judgment against the Masonic Temple Association; or (2) he could waive this lien, or right, and proceed to condemn it by garnishment based on this judgment.

In this case, Clark at first elected to proceed in the second of the above mentioned modes. This he could have done under the authority of the case cited (78 Ala. 568). But the garnishees, Lehman, Durr & Co., without denying their liability for the debt evidenced by the notes, asserted that the right to sue existed alone in Clark—that he held the title to the notes, and that he should have brought the action in his own name, as collateral holder of these notes. On this issue the garnishees were discharged. Thereupon, the present suit was brought, in the mode in which the garnishees had insisted that it should be brought.

Under this state of facts, we think the City Court correctly decided that the rule of *res adjudicata* did not apply. It is true, that in ordinary cases, a judgment in favor of a garnishee, discharging him from all liability, is conclusive against the plaintiff, in another action between the same parties, although the judgment of discharge was erroneous. This is so, at least, where the same issue on the merits was actually decided in the former suit, or necessarily involved, or might and ought to have been there litigated and decided. *Tankersly v. Pettis*, 71 Ala. 179; *McCall v. Jones*, 72 Ala. 368; 3 Brick. Dig. 580, §§ 75 *et seq.* Here, however, another principle prevails, to take this case out of the operation of that rule. The liability of the garnishees was not one of the issues involved in the former suit. Such liability was never controverted. The only issue was the right of the plaintiff to waive his lien on the note, and to condemn it in the mode attempted. This plea induced Clark to abandon that right, which he lawfully had, and to submit to the discharge of the garnishees on the suggestion that he should adopt the other remedy given by law. In other words, he elected to sue on the note due by garnishees, instead of condemning it by garnishment. This election was induced by the plea of the garnishees themselves. We hold that the rule applies, that "a party who obtains or defeats a judgment

by pleading, or representing a thing or judgment in one aspect, is estopped from giving it another in a suit founded on the same subject-matter."—1 Herman on Res Judicata, § 288, p. 342, and note 1; *Hill v. Huckabee*, 70 Ala. 183; *Caldwell v. Smith*, 77 Ala. 157.

It would be no defense to this action, that Clark obtained the assignment to himself of the notes by fraudulent devices. The debtor can not set up such a defense in bar of the action. Only the assignee in bankruptcy, or the creditors of the bankrupt, could assail the validity of Clark's title. It is good between the parties, until set aside in some proceeding instituted for that purpose.— *Wood v. Steele*, 65 Ala. 436; *McCausland v. Drake*, 3 Stew. 344.

We discover no error in the record, and the judgment is affirmed.

CLOPTON, J., not sitting.