# Brown *et al.* v. Tillman.

### *Action Against Sheriff and his Sureties on his Official Bond.*

1. *Valid judgments; of what conclusive.*—A valid judgment is conclusive between the same parties of all matters embraced, or which could have been embraced, in the pleadings of the cause in which it is rendered.

2. *Replication; when demurrer to proper.*—Tillman sued Brown as sheriff and the sureties on his official bond for trespass in levying attachments on his property sued out against Heard. Defendants pleaded that in a former suit the same matters of trespass were involved; that judgment was rendered in that suit and duly paid. Replication that the defendants in the first suit so framed their pleading and so managed the introduction of evidence as to induce the court to believe that the trespass now sued on was not embraced, and that really it was not considered. *Held,* that demurrer to the replication should have been sustained.

3. *Estoppel by pleadings in former suit.*—The fact that the defendant asserts by way of plea that which is not true does not estop him from setting up in a second suit the judgment against him as conclusive of the true matters embraced in the first suit; the remedy of the plaintiff was by replication to the false plea in the first suit, to make the issue the proper one to be made.

APPEAL from the Circuit Court of Butler.

Tried before Hon. JOHN R. TYSON.

The facts are fully stated in the opinion.

LANE & CRENSHAW, and D. M. POWELL, for appellant, cited the following cases on the doctrine of estoppel. *Tankersly, Ad'm'r v. Pettis,* 71 Ala. 179; *McCall v. Jones,* 72 Ala. 371; *Haas v. Taylor,* 80 Ala. 464; *Caldwell v. Smith,* 78 Ala. 164; *Lehman Durr v. Clark,* 85 Ala. 112; *McDonnell v. Heard,* 100 Ala. 112.

J. C. RICHARDSON, *contra,* cited, *McCall v. Jones,* 72 Ala. 372; *Hanchey v. Caskrey,* 81 Ala. 150; *Lidell v. Chi-*

[Brown *et al.* v. Tillman.]

*dester,* 84 Ala. 510; 1 Greenleaf on Ev. Sec. 532; *Lehman, Durr & Co. v. Clarke,* 85 Ala. 113; *Smith v. Jeffry,* 106 Ala. 112.

McCLELLAN, C. J.—Tillman prosecutes this action against Brown as sheriff and the sureties on his official bond. The facts, substantially uncontroverted, are as follows: One Heard, a merchant, on January 5, 1891, sold and delivered his stock of merchandise to Tillman. On January 10, 1891, Murray and others, creditors of Heard, filed their bill in chancery against Heard and Tillman, attacking said sale and conveyance as fraudulent and void, praying a decree to that effect, the application of the property to their debts, and the appointment of a receiver. Pilley was appointed receiver by the register on the same day and at once took possession of the stock of goods. Tillman thereupon appealed from the register's order appointing the receiver to the chancellor and gave bond, under which the property was surrendered to him on January 13, 1891. On January 7, 1891, Stanton and McDonald severally sued out attachments against Heard on the ground that he had fraudulently disposed of his property. The writs went into the hands of Brown, the sheriff, and on January 14, as soon as the property had been returned to Tillman under his appeal and supersedeas bond, he levied them upon a part of the stock of goods in question, and took possession under the levies. January 17th the chancellor disposed of the appeal taken from the order of the register by affirming that order, but he displaced Pilley as receiver, and in his stead appointed Brown, who as sheriff was at the time in possession of a part of the property. The chancellor was petitioned to vacate the levies of the attachments; but to this petition he responded: "While any lien which may have been acquired may not and is not discharged, the same is held in abeyance until the further order of this court, and said sheriff shall manage and control the property under the direction of this court. He will not permit any of the same to be replevied, but shall hold the whole of the property as the receiver of this court." Tillman appealed from the order of the chancellor appointing

Brown receiver, and that order was affirmed by the Supreme Court. In February, 1891, Brown as sheriff advertised the sale of the property upon which said attachments were levied to be made on March 5th. On March 4th Tillman petitioned the chancellor to restrain said sale. On March 11th Brown answered the petition under oath, stating that he had ceased to act as receiver since January 21, 1891, on which day the order appointing him receiver had been suspended by Tillman's appeal to the Supreme Court, and that he had turned over to Tillman all the property that came into his hands as receiver, except that part which he had levied said attachments upon, etc., etc. The chancellor on March 17th denied and dismissed this petition; and Brown as sheriff, acting under said attachments, and being indemnified in respect thereof, on March 30, 1891, sold the goods upon which the levies had been made, receiving at said sale the gross sum of twelve hundred, three and 47-100 dollars. It is confessed in the case that Brown has never paid or accounted for the money thus received to anybody either as sheriff, or as receiver, or otherwise. On May 21, 1891, motions were made in the circuit court to vacate and set aside the attachment levies.

On April 12, 1892, the cause of Murray and others against Heard and Tillman came on to be heard on its merits in the chancery court, and a decree was then rendered sustaining the sale by Heard to Tillman, denying relief and dismissing the bill. This decree further provided for a settlement by Brown with the register; and on April 25th Brown filed his accounts as such receiver with the register, but made no showing therein as to the property he had sold under the attachments nor as to the proceeds thereof, nor was he charged therewith on said settlement. In May, 1892, the motions pending in the circuit court to quash the levies of the attachments were granted, and said levies were set aside and vacated. On October 1, 1892, Tillman brought suits in trespass in the circuit court against Brown, the sheriff, and the plaintiffs in the attachments for the wrongful taking of the property on which the attachments were levied. On the trial of said causes Brown and the other defendants thereto respectively insisted by pleas, motions to exclude

testimony and requests for instructions, and induced the court to rule and charge that plaintiff was not entitled to recover the value of the goods so taken, nor the proceeds of the sale of such goods, but only the damages that may have been sustained by plaintiff from the detention thereof by Brown as sheriff from the time of the levy to the time Brown was appointed receiver, a period of three or four days; and upon these rulings, thus induced by Brown, the jury returned a verdict for twenty-five dollars only as damages, and judgment was entered, May 29, 1894, accordingly. No appeal was taken from this judgment. On November 8, 1892, after due notice, the report of the register on the accounts, acts and doings of Brown as receiver was submitted for confirmation. There were no exceptions to the report; and on December 12, 1892, it was in all things confirmed. In the report thus confirmed, Brown was not charged with the property now in controversy, nor with the proceeds of the sale thereof, nor concerning any act relating thereto. Brown's immunity from liability to account for this property or its proceeds was rested in the chancery court on the idea that he held it, disposed of it and received the proceeds of its sale not as receiver in the chancery cause, but as sheriff under the writs in the attachment suits. And in the actions of trespass at law he rested his immunity from liability for the property and for its proceeds on the ground that he had held it all the time it was in his possession except the three or four days intervening the levy of attachments and his appointment as receiver, and had sold it and received the proceeds of its sale not as sheriff, but as receiver in the chancery case. On July 25, 1894, Tillman demanded of Brown the property, or, if he had disposed of it, the reasonable value thereof. Brown failing to comply with this demand, Tillman, on September 30, 1894, instituted this suit.

The complaint contains two counts. Each is for a breach of Brown's official bond as sheriff. Each is based upon Brown's dealings with the plaintiff's property under writs running against the estate of Heard. The first count avers that plaintiff lost his said property by reason of Brown's taking and disposing of it under said

writs and claims the value of it with interest. The
second also counts upon such loss, alleges the sale by
Brown under the writs and claims the sum that Brown
received at said sale. There was a demurrer to the com-
plaint on the ground that the two counts were repug-
nant and inconsistent and misjoined in that, it is in-
sisted, the first count is *ex delicto* for Brown's tort in
taking and disposing of the property, and sounds in
damages, and that, it is further insisted, the second
count ratifies Brown's dealings with the property, waives
his tort and claims the money he received at the sale in
assumpsit. It would seem to follow from what is said
above that the complaint is not open to the objection
taken by the demurrer. But we need not decide this
point. Conceding defendant's position in this regard,
the only effect would be the emasculation of the first
count. On the theory of the demurrer the second count
waives the tort relied on in the first. The fact that the
tort is relied on in the first cannot affect the waiver of
it in the second count, nor the integrity of that count.
Had the demurrer been sustained, the first count would
of necessity have gone out of the case. That count was
effectually put out of the case by the charge of the court
for a verdict on the second count, and the bringing in of
a verdict on that count. So that if error was committed
in overruling the demurrer it involved no injury to the
defendants.

The defense interposed was that the issues presented
by the complaint here had been adjudicated in a former
action between Tillman and Brown, the action brought
by Tillman against Brown and the obligors on his bond
of indemnity in trespass for the taking of the property
involved in this suit, wherein judgment was rendered
for the plaintiff in the sum of twenty-five dollars which
judgment has been paid. To the several pleas setting
up this former adjudication, the plaintiff replied sub-
stantially as follows: The former action, judgment
therein and payment of the judgment are admitted, and
so also that said judgment has not been set aside or re-
versed, but is still of full force. And, (1) the plaintiff
goes on to say that in said action he offered evidence
showing that Brown had sold the property in question

after levying upon the same and the extent of his damages resulting from such disposition of said property and sought in said action to recover said damages. That said Brown and the other defendants in said action offered evidence tending to show that Brown held the property as receiver under the appointment of the chancery court, and, while so holding it, sold it, and that said defendants asked the court to rule in said case that plaintiff could have no recovery for any damages by reason of the sale of said goods, and by objection to the relevancy of testimony as to said sale and by requests for instructions to the jury they induced the court to hold and to charge the jury that the plaintiff could not recover in said action on account of said sale and that there was no issue as to said sale in said case. Wherefore plaintiff says that there was no adjudication of his present cause of action in said former suit, and that the said Brown and his co-defendants in this cause, are by reason and means of the acts and doings of said Brown in the former cause whereby he procured the court to rule that there was no issue in said former suit as to plaintiff's alleged damages arising out of the sale of said goods, estopped now to maintain that the cause of action of plaintiff arising out of said sale has been adjudicated. (2). That the defendants are estopped from setting up as a defense in this suit that one of the issues in the former suit was plaintiff's damages arising out of the sale of said goods by Brown as sheriff because in said action the defendant Brown and others induced the court to hold that there was no such issue in that cause, in this way, that said Brown and the other defendants therein pleaded and adduced evidence to show that Brown after January 17, 1891, held and sold said property while it was in his possession as receiver of the chancery court, and thereby and otherwise at their instance and request the court was induced to hold and did hold that by reason of the possession of said Brown as receiver there was no issue in said cause as to the sale of said goods; and the issue that passed into judgment in said cause was upon the plea of said Brown that he held said goods as receiver when he sold them, whereon Brown induced the court to direct a verdict that the

plaintiff could not recover in said action for the trespass of selling said property. That on account of the said plea and the evidence offered by said Brown, the only trespass for which the plaintiff recovered in said cause was for the taking of said goods and holding the same for the three or four days intervening the levy and Brown's appointment to be receiver in the chancery suit. [The 3rd replication is a mere joinder of issue on the pleas.] (4). That in the chancery cause of *Murray et al. v. Heard and Tillman*, the plaintiff here, respondent in that case, upon Brown's advertising said property for sale under said attachments, filed a petition to the chancellor alleging that Brown had possession of said goods as receiver and praying an order restraining said Brown from making said proposed sale. That said Brown answered said petition under oath prior to said sale and alleged in his answer that his possession of said goods as receiver had terminated, and that he held and had advertised the same for sale as sheriff; and that by reason of said answer and said averment therein, plaintiff's petition was denied by the chancellor, and Brown proceeded to sell said goods as sheriff. Wherefore plaintiff now claims and alleges that defendants are estopped to deny in this action that Brown sold said property as sheriff.

There were demurrers severally to these replications; and the circuit court overruled them. Those to the first and second replications made the objection that those replications showed that one issue in the former case was whether Brown held possession of the property after January 17, 1891, and sold the same, March 30, 1899, as receiver of the chancery court or as sheriff acting under the writs of attachment; and it is very clear to us from the replications, that that issue was in that case, was litigated in the trial thereof and was determined in favor of Brown, the court holding that he held the property and sold it as receiver and not as sheriff. This, in our opinion, is fatal to the replication in question. Showing these facts, so far from answering the pleas of former adjudication, they but confess not only the adjudication pleaded but its tenor and scope to the inclusion therein of a judgment upon an issue in the

present action vital to the plaintiff's cause of action. It is of no consequence, of course, that the rulings of the court in this regard in the former action may have been erroneous. Assuming they were, plaintiff's only remedy against the consequent judgment was an appeal from it. While it stands unreversed it is conclusive as if no error were committed in its rendition "On a second trial, it can never become an inquiry whether the first issue was rightly determined, either in matters of law, or of fact. Whether the issue was within the scope of the pleadings, whether it was the same as that on trial, and whether it was submitted and determined on its merits, are the subject and extent of permissible testimony on the defense of *res adjudicata.*"—*Haas v. Taylor,* 80 Ala. 459, 464, and authorities there cited; *Liddell v. Chidester,* 84 Ala. 508.

Brown is here sued as sheriff and the other defendants are sued as sureties on his official bond as sheriff, for that in that capacity he wrongfully took, held and sold plaintiff's property. A vital issue is whether he did these things as sheriff. That issue was within the scope of the pleadings on the former trial, and it was on that trial submitted and determined, properly or otherwise, on its merits. That determination being pleaded here, the issue itself cannot be here again gone into: it is forever foreclosed.

Nor is it of any consequence that the issue was made by the present defendant Brown in the former case: If presented at all, it had to be made by one of the parties to that suit; and presenting a matter of defense, it was upon the defendant therein to make it. And it is equally immaterial that the party presenting the issue naturally supported it by evidence, and induced the court to rule and charge in his favor upon it. All judgments of courts are rendered at the instance of parties to them; and a judgment can be none the less determinative of the issues and conclusions on them upon which the judgment is rested because it is arrived at in line with the pleadings and other insistence of the party in whose favor it is entered. In the case at bar, the rulings and judgment in the former suit to the effect that Brown held and sold the property as receiver, and the further consequent

ruling that he could not be held to answer for its value or for the proceeds of its sale as sheriff and for taking and holding and selling it under the attachments, are none the less binding upon the plaintiff for that they were made and entered at Brown's instance and request. There is no matter of estoppel set up in these replications numbered one and two. The theory that he is estopped to insist upon the former judgment because it was rendered at his instance is wholly untenable. His contention here is directly in line with his contention there. If he were being sued here as receiver, he might well be estopped by his pleadings, acts and doings in the former case, where he insisted that he held and sold the property as receiver, and induced the court to so hold, to now say that he in fact did not hold and sell the property as receiver: He cannot recover in one case on pleas setting up that he was receiver and not sheriff, and in another on pleas alleging that he was sheriff and not receiver when his original contention and the results flowing from it are properly brought to the court's attention in the second suit; but having formerly pleaded and recovered on his receivership, he not only may rely upon that judgment in a subsequent action, but, if not to his interest to do so, he may be forced to stand upon it, and estopped to deny it.—*Lehman, Durr & Co. v. Clark,* 85 Ala. 109. Our conclusion therefore is that the circuit court erred in overruling the demurrer to replications 1 and 2.

A judgment is conclusive against every defense that might have been made against it, whether pleaded or not. Where a plaintiff recovers on a cause of action which he might have been estopped to assert on matters then existing but which were not pleaded, he cannot afterwards be estopped by such matters to rely on his judgment. And where a defendant recovers, i. e. defeats plaintiff's recovery, on a defense pleaded which might have been eviscerated by the replication of matters which would have estopped him to rely on such defense, such matters of original estoppel are foreclosed: they cannot be relied upon by the plaintiff in a second action against the defense of a former judgment. Their existence only argues that the former judgment was improperly ren-

[Brown *et al.* v. Tillman.]

dered, or, accurately speaking, that its rendition would have been erroneous had the estoppel been replied to the plea. Hence our conclusion that the fourth replication was also bad. The matter set up in it would have been good against Brown's plea in the former suit that he held and sold the property as receiver. Having in the chancery cause answered the petition for an order restraining the sale of the property, which petition proceeded on the ground that he had possession of the goods as receiver, and in his answer stated under oath that his possession as receiver had terminated, and that he held and had advertised the property for sale as sheriff acting under the writs of attachment, and having by such averment induced the chancellor to refuse the restraining order, he should not have been allowed to say in the subsequent action against him as sheriff that he held the property and had sold it as receiver, and doubtless would not have been so allowed, if his said answer and the decree of the chancellor upon it had been brought to the attention of the court by a replication to his plea setting up the receivership in the action of trespass. But it was not so replied to that plea. The plea was held to be good by the court, and held to be proved by the jury; and judgment went accordingly. That judgment must stand as determinative of the issues involved on the pleadings, though another issue might have been made by replying this matter of estoppel to the plea, and though upon said issue being made, the judgment rendered would not have been rendered. The matter of estoppel not having been replied to that plea, and judgment on the plea having been entered for the defendant, the estoppel is as fully foreclosed and emasculated as if it had been there replied, and there had been judgment for the defendant the estoppel to the contrary nothwithstanding. We hold therefore that the 4th replication was no answer to the plea of former adjudication, and that the court should have sustained the demurrer to it.

Defendants proved their pleas of former adjudication; and with the special replications eliminated from the case, they will be entitled to the affirmative charge on another trial.

Reversed and remanded.