# Hieronymus Bros. *v.* Bienville Water Supply Co.

*Action on Contract to Supply Water.*

1. *Continuing contract with water company; payment in advance.*
   A water company, though exercising *quasi* public functions in supplying the public, may avail itself of the usual rule

[Hieronymus Bros. v. Bienville Water Supply Co.]

that where one party to a contract refuses to perform, the other party may treat the contract as ended, and may reasonably require payment in advance; and may also, unless under exceptional circumstances, enforce the requirement by cutting off tne supply for non-compliance therewith by the consumer.

2. *Contract containing clause for termination.*—A clause in a contract that provides that the life of the agreement is for one year, and to continue thereafter until either party sha'l give the other notice in writing of his desire for a discontinuance, does not affect the right of either to insist on full performance by the other, or to stop performance for the other party's default.

3. *Contract terminable at will; failure to act on default.*—Where a contract to supply water is terminable at will after the first year, it cannot be construed as running from year to year thereafter, or as committing one party to the performance because that party delayed for a few montns to act on the default of the other party.

4. *Contract; rescission.*—Where a contract which is terminable at will after the first year has run into the second year for three or four months, it can be rescinded only by agreement.

5. *Affirmative charge.*—Where a written contract is silent as to whether performance by one party is to be in advance, and the evidence is conflicting, it is error to exclude the testimony offered by that party and give the affirmative charge for the other.

6. *Evidence; admissibility of transactions had under a continuing contract.*—Where a continuing contract to supply water is kept alive for several years, and one party refuses to go on because of the alleged default in payment by the other, and the issues are whether it was agreed that the payments were to be made in advance, and whethr they were in arrears, transactions had by the parties under the contract are admissible as tending to show the agreement as to the time of payment, and also whether the payments are in arrears.

APPEAL from Mobile Circuit Court.

Tried before the Hon. WILLIAM S. ANDERSON.

This is an action brought by appellants against appellee, and counted upon the breach of a contract entered into by Hieronymus Brothers, appellants, and Bienville Water Supply Company, appellee, in January, 1894, by which the water company agreed to furnish water to appellants for general use in their saw mill, at a special rate,

to be paid for monthly, and also to furnish water to a fire hydrant at a stipulated rate, payable in semi-annual installments on the first day of May and November of each year. The contract further provided that the life of the agreement should be for one year, and to continue thereafter until either party should give to the other notice in writing of his desire to discontinue.

On April 17th, 1897, the defendant, claiming plaintiffs to be in arrears, had the water turned off. On April 20th a fire occurred which destroyed plaintiffs' mill, lumber and machinery. They claimed that the fire could have been extinguished and the damage would not have been done but for cutting off the water. There was nothing in the written contract to show whether the hydrant water was to be paid for in advance or after consumption, but the contract did contain a clause stating that the water was to be furnished "in accordance with the rules and regulations governing their water consumers," which rules and regulations were claimed to require payment in advance. This was set up in the pleadings, but no evidence was introduced to support the rules and regulations.

It was claimed by defendant that the plaintiffs breached the contract before January, 1897, but they continued to perform and did not act on plaintiff's alleged breach until April, 1897.

At the trial, defendant offered evidence to show that there was an agreement between the parties that the water was to be paid for in advance; but plaintiffs offered evidence denying such an agreement.

The plaintiffs claimed that they had paid the water rent up to May 1st, 1897, and offered in evidence the record in the case of *Bienville Water Supply Company v. Hieronymus Bros.*, in which case the water company had recovered judgment against them for $134.08, on account, June 22, 1898, in the Circuit Court of Mobile. The stenographer's notes, agreed as correct, showed that the plaintiffs in that case offered the following account as the one presented to the defendants before suit was brought:

Mobile, Ala., July 1st, 1897.

Hieronymus Bros. Mill, to Bienville Water Supply Co.

| '97. | | Dr. |
|---|---|---|
| Feb. 1—To metered water in Jan., 441,352 | G..44 | 15 |
| Mch. 1—To metered water in Feb., 425,467 | G..42 | 54 |
| Apr. 1—To metered water in Mch., 175,973 | G..17 | 60 |
| May 10—To metered water in April, 56,992 | G.. 5 | 70 |
| | | 109 99 |
| Balance due for fire hydrants to May 1, 1897.. | 17 | 00 |
| | | 126 99 |

The original complaint was in common counts for $126.99, with interest, which was afterwards amended by adding a count for $109.99, with interest.

Judgment was rendered for $134.08.

The plaintiffs also offered a receipt from the water company, dated February 11, 1897, for "$53.53 water rent to Jan. 1st."

The defendant then moved the court to exclude from the jury the receipt of February 11, 1897, and all the evidence on the part of plaintiffs showing payment for water down to January 1st, 1897, on the ground that the record in the other case offered in evidence showed that a judgment was obtained for that water rent, and that judgment was conclusive.

The court granted this motion, and also ruled out the evidence on the issue of the agreement to pay in advance. At the request of the defendant, the affirmative charge was given.

During the examination of witnesses, defendant, against the plaintiffs' objection, was permitted to ask several questions concerning transactions had by the parties under the contract, i. e., whether the collector for the company ever presented a bill for water for the fire hydrant in November, 1896? whether an employe had not been to the mill a good many times to cut the water off, and if he had not cut it off in March, 1895? whether a conversation with the engineer at the mill, in

which conversation the engineer said he did not need the water, was in the presence of the plaintiffs? to what account the book-keeper applied a certain collection, the receipt for which was given February 11, 1897, "for water rent to January 1st"? whether plaintiffs had been prompt in payment? and whether the water had been cut off for non-payment previous to this time?

Verdict and judgment were had for defendant. Plaintiffs appeal, and assign as error the several rulings of the court, all of which will be understood by reading the opinion.

GREGORY L. & H. T. SMITH, for appellants.—Having entered upon a new term of the contract with a knowledge of a default committed in the previous term, the breach is waived.—12 Am. and Eng. Ency. Law, 79; Wood on Master and Servant, § 126; *Dahm v. Barlow,* 93 Ala. 120; *Brooks v. Boyles,* 99 Ala. 436; 28 Am. & Eng. Ency. Law, 53.

The defendant could not, after maintaining a suit in the circuit court for water rent down to the first of May, be heard to say that it rescinded the contract at an earlier date.—*Gray v. Perry,* 111 Ala. 538; *Fuller v. Eames,* 108 Ala. 456; *Lehman, Durr & Co. v. Clark,* 85 Ala. 153; *Woodruff v. Stough,* 107 Ala. 327; *Hodges v. Winston,* 95 Ala. 517; *Caldwell v. Smith,* 77 Ala. 157; *Dixon v. McLarney,* 97 Ala. 392; *Hill v. Huckabee,* 70 Ala. 187; Herman on Estoppel and Res Adjudicata, § 1039; *Kearney v. Union Pac. Ry. Co.,* 66 N. W. 161; *Kramer v. Mitchell,* 42 N. Y. Sup. 207.

Water company was not justified in cutting off the water during a subsequent term upon which it had seen fit to enter with full knowledge of the fact that the water for the previous term had not been paid for. *Wood v. City of Auburn,* 32 Atl. R. 906; *Cadieux v. Montreal Gas Co.,* 28 Conn., 328; *Waymouth Water Co. v. Waymouth,* 42 Pa. 21.

Express contract cannot be modified or contracted by implication.—*Blackman v. Dowling,* 63 Ala. 304; *Electric Lighting Co. v. Elder,* 115 Ala. 149.

Provisions of a written contract will prevail where they were in conflict with those that become a part of

[Hieronymus Bros. v. Bienville Water Supply Co.]

the contract by virtue of some rule or regulation.—*Tub
v. Insurance Co.*, 106 Ala. 659; *Thornton v. Ry. Co.*, 84
Ala. 109.

BESTOR & GRAY, *contra*.—The judgment rendered in
the circuit court was *res adjudicata*, and appellants
could not contradict same by trying to show that they
had paid the water rent to January 1st before rendition
of judgment.—*Durr v. Jackson*, 59 Ala. 203; *Heard v.
Pulaski*, 80 Ala. 502.

At the time of the fire the appellants had not per-
formed their part of the contract, and appellee had a
right to terminate same by cutting off the water.—*Nor-
rington v. Wright*, 115 Ala. 188.

The fact that appellee did not act until several months
after default by appellants can be of no advantage to
them.—*Girard Ins. Co. v. Philadelphia*, 88 Pa. 393.

SHARPE, J.—This suit is upon a contract which in-
cluded an undertaking on defendant's part to supply
water to a hydrant at plaintiffs' saw mill, and intended
to be used for the extinguishment of fires. The cause of
action averred is in substance that defendant on April
17th, 1897, discontinued the supply of water in conse-
quence of which, on April 20th, 1897, plaintiffs suffered
a loss by fire of their mill and other property located
thereat. The seventh count of the complaint sets out
the contract relied on as having been in writing and
which contains recitals of the uses for which the water
was desired and the water company's willingness to
supply the same "in accordance with their rules and
regulations governing their water consumers," and the
following provisions: "As an inducement to the party
of the second part to make to the party of the first part
a rate of charges for water less than their established
regular meter rates, the party of the first part agrees
to take from the party of the second part at least 1,-
600,000 gallons of water per year, and to pay therefor
monthly at the rate of ten cents per 1,000 gallons. The
party of the first part further agrees to pay to the party
of the second part for the use of the fire hydrant twen-

ty-five dollars per year, in semi-annual installments of
$12.50 on the first day of May and November of each
year, and to use the hydrant for the extinguishment of
fires only. In consideration of the agreement of the
party of the first part to take from the party of the sec-
ond part at least 1,600,000 gallons of water per year,
and to pay therefor monthly, the party of the second
part binds itself to accept payment for the measured
water at the rate of ten cents per 1,000 gallons, said
payment to be made in lawful money during the month
following the time the monthly consumption was reck-
oned for. The life of this agreement is for one year,
commencing January 1st, 1894, and to continue there-
after until either party shall give the other thirty days'
notice, in writing, of their desire for a discontinuance."

The defense as set up by several special pleas and by
a rejoinder, is substantially, that by agreement of the
parties the water supply to the fire hydrant was due
and payable in advance for the period extending from
November 1, 1896, to May 1, 1897; that the same was
not paid at any time before the fire occurred,
wherefore the defendant avers by the second plea
that it "terminated said contract by cutting off said
water," and by the third plea that it "rescinded said con-
tract and cut off said water," and by other pleas that
it had a right to turn off the water from the fire hyd-
rant. Demurrer to these pleas having been overruled,
plaintiffs, besides replying generally, filed special re-
plications, one of which after referring to the written
contract averred that "on the 1st day of January, 1897,
defendant had given no written notice to the plaintiffs
of its intention or desire to terminate said contract, and
the parties entered upon its performance for the term
of another year, viz.: from the 1st day of January,
1897, to the 1st day of January, 1898, and under the
terms of said contract the first installment upon the
rent for said term was not payable until the 1st day of
May, 1897, which day had not arrived at the time of
said fire." To this there was a rejoinder setting out
the written contract and averring a subsequent promise
by plaintiff to pay in advance, which averment was put

in issue after demurrer overruled. Some counts of the complaint and some replications averred substantially that in a former suit, defendant recovered of plaintiffs for water supplied to the fire hydrant between November, 1896, to May, 1897. These replications were on demurrer, disallowed.

That damage by fire may be shown to have proximately resulted from a breach of a contract to supply water when it is known to both parties that the purpose of the contract is to provide against fires, is not here questioned. As authority for the proposition the case of *Paducah Lumber Co. v. Paducah Water Supply Co.*, 7 L. R. A. (Ky.), 77, is in point.

Ordinarily, where one party to a continuing contract refuses to perform his part of it, the other party may treat the contract as ended, and though there are exceptional cases, this principle is in general applicable where the default consists in a failure to pay an installment for services or goods to be furnished from time to time.—*Drake v. Goree*, 22 Ala. 409; *South Fork Canal Co. v. Gordon*, 73 U. S. (6 Wall.), 561; *Dobbins v. Higgins*, 78 Ill. 440; *Bean v. Miller*, 69 Mo. 384. A water company, though exercising *quasi public* functions in supplying the public, may avail itself of this principle, and may reasonably require payment in advance and may also, unless under exceptional circumstances, enforce the requirement by cutting off the supply for non-compliance therewith by the consumer. *Tacoma Hotel Co. v. Tacoma Light & Water Co.*, 14 L. R. A. (Wash.), 669, and authorities therein cited.

The contract by its last clause provides a way for its termination at the pleasure of either party, but that provision was not intended to affect the right of either to insist on full performance by the other, or to stop performance for the other party's default. Being by its terms so terminable at will after the first year the contract cannot be construed as running from year to year thereafter or as committing defendant to its performance during the year 1897, merely by delaying to act on plaintiffs' alleged default until April of that year. Assuming that as averred in defendant's plead-

ings the payments were to have been in advance, defendant's recovery by suit of the installment covering the period between November 1, 1896, and May 1, 1897, was not as a legal conclusion, effective to preclude defendant from maintaining here its asserted right to stop supplying the fire hydrant during that period. The doctrine applied in *Caldwell v. Smith*, 77 Ala. 157, *Hill v. Huckabee*, 70 Ala. 183, and *Hodges v. Winston*, 95 Ala. 514, which prevents a party who has taken a position giving him an advantage over his adversary, from afterwards changing ground to the latter's prejudice, cannot be here applied. This for the reason that the stipulation for payment in advance was independent of that for supplying the water and *prima facie* entitled defendant to sue immediately upon default in payment, and to recover without proof of its performance or of further continuance of the contract.—*Drake v. Goree*, 22 Ala. 409. Defendant could have been put to such proof by a counter claim for failure to supply water during the period in question, but so far as appears no phase of that suit exhibits the defendant as asserting therein anything necessarily inconsistent with its present attempt to justify the alleged breach. At the time the water was turned off, the contract had been so far executed that it could have been rescinded by an agreement only. Defendant's privilege extended no further than to treat it as ended. The term rescinded as used in some of the pleas was inaptly employed in their averments of what was actually done by defendant, but the same pleas having each averred other facts sufficient to avoid the complaint they were not vitiated or rendered subject to the demurrers by their averments of rescission.

These considerations lead to the conclusion that the trial court's rulings on pleadings were free from error. Looking to the evidence there appears a conflict as to whether the water rent was really payable in advance. The written agreement is silent as to whether it was payable at the first or at the end of the installment period. To show it payable in advance it devolved on defendant to prove an additional agreement so providing

and such an agreement it undertook to establish as having been made between its superintendent and one of the plaintiffs in January, 1896. Its evidence of the latter agreement was, however, contradicted by the testimony of the plaintiffs; and because of this conflict the ascertainment of that disputed fact belonged to the jury alone. The trial court's action in excluding the whole of plaintiff's testimony and in giving the affirmative charge requested by defendant made errors which necessitates a reversal.

Evidence objected to relating to transactions had by the parties under the contract was properly received as tending to reveal the understanding of the parties respecting the time for payments and as tending to show whether payments were in arrears.

Reversed and remanded.