# Hieronymus Brothers *v.* Bienville Water Supply Co.

*Action to recover Damages for Breach of Contract to Supply Water.*

1. *Contract containing clause for termination.*—A clause in a contract that provides that the life of the agreement is for one year, and to continue thereafter until either party shall give the other notice in writing of his desire for a discontinuance, does not affect the right of either to insist on full performance by the other, or to stop performance for the other party's default.

2. *Contract terminable at will; failure to act on default.*—Where a contract to supply water is terminable at will after the first year, it can not be construed as running from year to year thereafter, or as committing one party to the performance because that party delayed for a few months to act on the default of the other.

3. *Action for breach of contract; res adjudicata; admissibility of evidence.*—In an action to recover damages for the breach of

37

[Hieronymus Brothers v. Bienville Water Supply Co.]

a contract, where the defendant, by special plea, sets up that the contract was terminated by it on account of a default by the plaintiff, and that after the contract was so terminated, it brought a suit against the plaintiff to recover the amount due under said contract, and that the judgment in said case was *res adjudicata* and estops the plaintiff from alleging that he had complied with the contract, and the defendant introduces in evidence the record in the former case, together with the stenographic report of the evidence taken therein, which is admitted to be true, it is competent for the plaintiff to introduce additional evidence, showing that as a matter of fact he had paid the amount stipulated for in said contract, and that the judgment was for a balance due the defendant on said contract from the time the plaintiff had made the payment on said contract, up to the time of the breach by the defendant as complained of.

4. *Pleading and practice; when allegations of pleading not proved.* Where, in a suit for the breach of a contract, it is averred in one of the pleadings that the parties mutually agreed and contracted for certain service during a designated term, beginning from January 1, 1897, and ending December 31st, 1897, the testimony that after entering into the contract of 1894, which was the basis of the suit, both of the parties thereto continued under it from 1894 to 1897, does not support the allegations of the plea.

APPEAL·from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was brought by the appellants, Hieronymus Bros., against the Bienville Water Supply Company, and sought to recover damages for the breach of a contract. The contract sued on was construed by this court on former appeal in case reported in 131 Ala. 447.

The complaint as originally filed contained seven counts, the first five of which were stricken from the file after the remandment of the cause. The sixth count was in words and figures as follows: "Plaintiffs claim of the defendant ten thousand dollars as damages for the breach of an agreement entered into by the defendant on the first day of January, 1894, the defendant being then and there a water supply company engaged in the business of furnishing water to the inhabitants

of the city of Mobile, through pipes laid through the public streets in said city under a franchise therefor, which it promised to supply water to one fire hydrant to be used by the plaintiffs for the extinguishment of fires for a given term named in said contract, viz., for one year commencing on the first day of January, 1894, and continuing thereafter until either party should give the other thirty days' notice in writing of his, or their, desire for a discontinuance, which said agreement the defendant breached in this, that on the 17th day of April, 1897, and during the continuance of said agreement, the defendant shut off said water supply from said fire hydrant.

"And the plaintiffs aver that thereafter, and before the first day of May, 1897, a fire occurred on the premises where said fire hydrant was located, which was discovered by the plaintiffs' servants early enough to have been extinguished by the use of said fire hydrant, had the defendant supplied the water, and permitted the plaintiffs to use the same for said purpose, but by reason of said deficiency of water, and the fact that the same had been cut off by the defendant, there was destroyed by fire a dry kiln, a planer, in which the plaintiffs had an interest, and a lot of machinery and lumber belonging to the plaintiffs, to the great damage of the plaintiffs."

The seventh count, after setting out the contract sued upon *in haec verba,* then continues as follows: "And the plaintiffs say that although they have complied with all of its provisions on their part, the defendant has failed to comply with the following provisions thereof, that is to say, the defendant, during the life of said contract, and on the 17th day of April, 1897, cut off the water supply from said hydrant, and declined to furnish the water to said fire hydrant after said date, and the plaintiffs aver that thereafter, and before the first day of May, 1897, a fire occurred on the premises where said fire hydrant was located, which was discovered by the plaintiff's servants early enough to have been extinguished by the use of said fire hydrant, had the defendant supplied the water and permitted the plaintiffs to

use the same for said purpose, but by reason of said deficiency of water, and the fact that the same had been cut off by the defendant, there was destroyed by fire a dry kiln, a planer in which the plaintiffs had an interest, and a lot of machinery and lumber belonging to the plaintiffs, to their great damage as aforesaid, to-wit, the sum of ten thousand dollars."

Demurrers to these two counts were overruled. The plaintiffs amended their complaint by adding two counts numbered 8 and 9. The 8th count set out the contract sued upon *in haec verba.* The material averments of the 8th and 9th counts of the complaint are sufficiently set forth in the opinion.

To each of the counts 8 and 9, the defendants separately demurred upon the following grounds: "First. Because said count shows a breach of said contract on the part of plaintiff in failing to pay the installment for water rent due November 1st, 1896, which justified defendant in terminating said contract. Second. Because for aught that appears by said count defendant at all times insisted upon the payment of said installment of water rent due November 1st, 1896. Third. For aught that appears from said count, said alleged renewal of said contract was upon the condition that said installment for water rent due November 1st, 1896, should be immediately paid. Fourth. Because no waiver by defendant of plaintiffs' said default in failing to pay said water rent due November 1st, 1896, is shown. Fifth. Because said contract did not run from year to year after the term ending January 1st, 1895. Sixth. Because the averment in said count that said alleged new term was for the year beginning January 1st, 1897, and ending January 1st, 1898, is but the conclusion of the pleader." These demurrers were sustained.

The defendant pleaded to the sixth and seventh counts three pleas, designated A., B. and C., the substance of which is sufficiently shown in the opinion. Demurrers were interposed to these pleas, which were overruled. Thereupon the plaintiffs filed several replications to the pleas, A., B. & C., to all of which demurrers were sus-

tained, except the tenth replication, and the demurrer to the tenth replication was overruled.

The tenth replication was in words and figures as follows: "Tenth. For further answer to said plea, plaintiffs say that after the default on the part of the plaintiffs and on, to-wit, January 1, 1897, the parties mutually agreed and contracted that the defendant should furnish water for the said fire hydrant during the term beginning on January 1, 1897, and ending on December 31, 1897, and that the plaintiffs should pay therefor, in semi-annual installments, falling due on May 1 and November 1, 1897, all in accordance with the terms of said written contract, and the defendant thereby waived the right to cut off said water during the term of 1897, on account of the default alleged to have occurred in the term of 1896."

The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

There were verdict and judgment for the defendant. Plaintiffs appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

GREGORY L. & H. T. SMITH, for appellants.—No brief came to the hands of the Reporter.

BESTOR, GRAY & BESTOR, contra, cited Tankersly v. Pettis, 71 Ala. 179; Reybold v. Voorhees, 30 Pa. St. 116; Durr v. Jackson, 59 Ala. 203; Heard v. Pulaski, 80 Ala. 602.

DOWDELL, J.—This is the second appeal of this case. On the former appeal, the contract, the alleged breach of which constituted the basis of this suit, was construed by this court.—Hieronymus Brothers v. Bienville Water Supply Co., 131 Ala. 447; 31 So. Rep. 31. We see no reason now for departing from what we there said in reference to the contract. After the remandment of the cause on the former appeal, the complaint was amended by striking out the first five counts, leav-

ing the sixth and seventh, and then adding two counts, numbered 8 and 9. The pleadings following the complaint as amended, present substantially the same questions as on the former trial. The rulings of the trial court on the pleadings, as now presented by the record, are, in line with its rulings before the first appeal, and in accord with the views expressed in the opinion of Justice SHARPE on that appeal, and to which we adhere. It is unnecessary to here repeat what was there said, further than that the principles there laid down applicable to the then state of the pleadings, find ready application to the pleadings as subsequently made up, and the rulings thereon by the lower court.

The eighth and ninth counts, which were added to the complaint on the last trial, and to which demurrers were sustained, each confesses breach by the plaintiffs of the contract, in that, they defaulted in the payment of the water rent due November 1st, 1896, but seek to avoid the effects of such admission by the averment in the eighth count that "the parties, by mutual consent, entered upon a new term under said contract on the 1st day of January, 1897, which said term was for a year from the 1st day of January, 1897, to the 1st day of January, 1898, the first payment upon the rent of said fire hydrant on account of which said term was payable under the terms of said contract on the first day of May, 1897. And the plaintiffs further aver that both of said parties continued in the performance of said contract for the term of 1897, the defendant furnishing the water and the plaintiff using the water both in his mill and in his fire hydrant until the 17th day of April, 1897, when the defendant breached said contract by cutting off the water from said fire hydrant under the claim that they had the right to do so on account of the default by the plaintiff in the payment of said installment, which became due November 1st, 1896, on account of the rent of said fire hydrant during said term of 1896," etc.; and, by the averment in the ninth count, after setting out the original contract in hacc verba, as follows: "And the plaintiff aver that the parties entered upon the perform-

ance of said contract in accordance with its terms on
the first day of January, 1894, and continued in the per-
formance thereof until the 17th day of April, 1897; that
when the installment for said fire hydrant rent from the
1st day of July, 1896, to the 31st day of December, 1896,
became due under the terms of said contract on the 1st
day of November, 1896, the plaintiffs defaulted in the
payment thereof, but that, notwithstanding the said de-
fault, the parties, by mutual consent, continued in the
performance of said contract until the 17th day of
April, 1897, when the defendant, without having given
the plaintiffs any written notice of its desire to discon-
tinue the said contract, breached its contract by cutting
off said water from said fire hydrant, under the claim
that they had the right to do so on account of the default
by the plaintiffs in the payment of said installment,
which became due on November 1st, 1896, on account of
the rent for said fire hydrant during said term of 1896:
And the plaintiffs say that, by the implied exten-
sion of said contract after the 31st day of Decem-
ber, 1896, by entering thereupon for a further
term, for which the first payment of rent, under the
terms of said contract, would have been payable on
the 1st day of May, 1897, the defendant waived
its right to shut off said water on account of said
default on the part of the plaintiffs, without first
giving the plaintiffs written notice of its desire
to discontinue said contract," etc. It is to be observed
that by the allegation in the eighth count there is no di-
rect and positive averment of a waiver by the defendant
of the plaintiff's default in the payment of water rent
under the terms of the contract, nor the statement of
facts from which the legitimate conclusion of such
waiver is deducible, but seeks to raise up an implied
waiver under a construction of the contract which is op-
posed to that put upon it by our decision on the first ap-
peal. Moreover, this count of the complaint does not in
any manner negative the fact of any continuing claim or
demand by the defendant for the payment of the past due
water rent, at the time it is alleged that a new term was
entered upon under said contract, and during the time

down to the 17th of April, 1897, when the water was cut off. By the ninth count it is claimed, that by continuing in the performance of the contract by the defendant, that is, furnishing water to the plaintiff, after plaintiff's default in the payment of past due water rent, there was an implied extension of the contract from the 1st day of January, 1897, to December 31st, 1897, and the further claim that the defendant could not terminate the contract without having first given plaintiffs written notice of such intention. We may in this connection repeat in part what was said on the former appeal relative to the contract, as fully sustaining the lower court in its ruling on the demurrers to both counts 8 and 9: "The contract by its last clause provides a way for its termination at the pleasure of either party, but that provision was not intended to affect the right of either to insist on full performance by the other, or to stop performance for the other party's default. Being by its terms so terminable at will after the first year, the contract cannot be construed as running from year to year thereafter, or as committing defendant to its performance during the year 1897 merely by delaying to act on plaintiff's alleged default until April of that year." The ruling of the court in sustaining the demurrers to these counts was in accord with this construction of the contract and was, therefore, free from error.

The trial of the case as last had was upon issues made by the sixth and seventh counts, pleas designated A., B. and C., and by the tenth replication thereto.

In plea "A." it is alleged that plaintiffs defaulted in the payment of the water rent due and payable under said contract sued on, on the first day of November, 1896, and continued in default from said first day of November up to and after the time of said alleged fire. The same allegation is contained in plea "B." with the additional averment, that for reason of said default, the defendant terminated the contract by cutting off the water. Plea designated "C." contains the same allegations of default in the payment of water rent, and of the termination of the contract, that are set forth in plea "B." and "further

avers that after the said alleged fire defendant brought suit in the circuit court of Mobile county against the plaintiffs for the rent of water for said fire hydrant for the months of November and December, 1896, and for sundry months prior thereto, and recovered a judgment therefor, which said judgment was rendered on a verdict on the merits and remained in full force and effect until paid and satisfied by the said Hieronymus Brothers, wherefore defendants pleads said judgment as *res adjudicata,* and says the plaintiffs are estopped from alleging that they had paid said water rent up to January the 1st, 1897," etc.

On the trial the plaintiffs offered in evidence the contract sued on, and evidence tending to show a breach of the same by the defendant in the cutting off of the water from the fire hydrant on the 17th of April, 1897. And also introduced in evidence the following receipt, viz.:

"Mobile, Ala., Feb. 11th, 1897.

"Received of Hieronymus Brothers fifty-three and 55-100 dollars water rent to January 1st.
$53.55.                                        "John McGuire,
            "For Bienville Water Supply Company."

And in this connection one of the plaintiffs testified that this payment was in full of everything that the plaintiffs owed to the Bienville Water Supply Company. After the plaintiffs closed their evidence, the defendant offered evidence under plea designated "C," showing that in September, 1897, the Bienville Water Supply Company brought suit upon the common counts against Hieronymous Brothers for $126.99 and interest thereon. The defendant introduced in evidence the record in that case, together with all of the evidence had on the trial. In this connection, the bill of exceptions here recites as follows: "It was thereupon admitted by the plaintiffs that the stenographer's report taken upon the trial of the case of the Bienville Water Supply Company against Hieronymus Brothers, the record in which had been introduced in evidence by the defendant, contained an accurate transcript of all of the testimony that was introduced in evidence by either party in said cause, and the defendant thereupon introduced said stenographer's re-

port in evidence, and read the same to the jury, and the same is hereto attached, marked Exhibit C, and made a part hereof, and now referred to."

By this evidence it was shown that the account sued on in the case of the Bienville Water Supply Company against Hieronymus Brothers, embraced an item of $17.00, "balance due on fire hydrant to May 1st, 1897." It was further shown in that case by the witness McGuire, testifying in behalf of the Bienville Water Co., plaintiff, the the rent of the fire hydrant was $50.00 per annum, payable semi-annually on May 1st and on November 1st. The testimony of the witness McGuire was all, and the only evidence, introduced as to the rent of the fire hydrant. The contract between the parties introduced in evidence in the case at bar, it appears, was not in evidence in the case of the Bienville Water Co. against Hieronymus Brothers, and in which case the plaintiff recovered a judgment against the defendant upon the account sued on. It was an admitted fact that the rent of the fire hydrant was due and payable on the 1st day of May and 1st day of November. The adjudication in that case must, of course, rest upon the evidence in that case. By the evidence introduced on that trial, the rent of the fire hydrants was $50.00 per annum, from the 1st of January to the 31st of December, payable semi-annually on the 1st day of May and November, and consequently payable partly in advance. The judgment in that case in favor of the plaintiff for the item of $17.00, on the evidence there introduced, was an adjudication of what was due and payable as a balance on rent for fire hydrants on May 1st, 1897, and, therefore, did not in itself sustain the allegation of the defendant's plea in this case, wherein it is averred "that plaintiffs failed to pay the water rent due on the said first day of November, 1896, and continued in default from said first day of November, 1896, up to and after the time of said alleged fire," &c. The court below, on motion of the defendant, excluded the receipt of Feb. 11th, 1897, and the evidence relating thereto, and also the evidence of the witness William F. Hieronymus, to the effect that plaintiffs had paid everything due by

plaintiffs to the defendant up to the first day of January, 1897, upon the ground that said matter was *res adjudicata*. In so doing, the trial court erred. In the suit of the Bienville Water Co. against Hieronymus Brothers, it is shown by the evidence had in that case, that the item of $17.00 for rent of fire hydrants, was a balance due on account of rent on the 1st day of May, 1897. Estimating back from the first day of May, 1897, on the basis of $50.00 per annum for fire hydrant rent, which would be at the rate of $4.16 2-3 per month, the balance of $17.00 which was claimed to be due up to the first day of May, did not involve an adjudication of the plaintiff's default on the 1st day of November, 1896, and up to the 1st day of January succeeding, and consequently could work no estoppel against plaintiffs showing payment of water rent up to the first of January.

The tenth replication contained the averment that, "the parties *mutually agreed and contracted* that the defendant should furnish water for the said fire hydrant during the term beginning on January 1st, 1897, and ending on December 31st, 1897." There was no evidence to support this allegation of the replication, the only testimony relating to it being that of one of the plaintiffs, who testified "that after entering into the contract in 1894 both of the parties thereto went on under it from 1894 to 1897." This falls short of sustaining the allegations that the parties *mutually agreed and contracted* to furnish water from January, 1897, to December 31st, 1897. For as was said on the former appeal, "being by its terms so terminable at will after the first year, the contract cannot be construed as meaning from year to year thereafter, or as committing defendant to its performance during the year 1897, merely by delaying to act on plaintiffs' alleged default until April of that year."

For the error pointed out, the judgment will be reversed and the cause remanded.

Reversed and remanded.