[Bienville Water Supply Co. v. Hieronymus Bros.]

# Bienville Water Supply Co. v. Hieronymus Bros.

*Action for Breach of Contract to Furnish Water.*

(Decided Feb. 14, 1907.   43 So. Rep. 124.)

1. *Waters; Water Supply; Contract; Forfeiture for Non-payment of Rent.*—One may not forfeit a contract for non-payment of rent, unless it is stipulated in the contract.

2. *Exceptions, Bill of; Construction; Presentation of Error.*— The bill of exceptions stated that the defendant thereupon offered in evidence "so much of the said book as applied to plaintiff's account, in connection with the evidence of the witness," and it also appears that the witness had testified concerning two or more books besides defendant's "semi-annual" book. It is not made to appear that the entries in one of the other books were correct. Held, as presented by the bill, the court cannot hold that the failure to permit the "semi-annual" book to be introduced was error, although of itself it might have been competent.

3. *Trial; Reception of Evidence; Exception; Time of Making.*—A receipt was proven and it was introduced in evidence without objection, and a witness testified that the payment was in full up to a certain time. Held, that a motion made at the conclusion of the evidence, to exclude the receipt and the witness' testimony, came too late.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAM'L. B. BROWNE.

Action by Hieronymous Brothers against the Bienville Water Supply Company for failure to supply water, whereby, and wherefrom, a nill belonging to plaintiff was destroyed. The pleadings and facts sufficiently appear from the opinion. From judgment for plaintiff this appeal is taken.

BESTOR, GRAY & BESTOR, for appellant.—The judgment against Heironymous Brothers was res adjudicata as to the payment of the water rent and they could

not insist that they had paid it.—*Durr v. Jackson,* 59 Ala. 203; *Tankersly v. Petis,* 71 Ala. 179; *Heard v. Pulaski,* 80 Ala. 502. The books of the Bienville Water Supply Works were admissible in evidence in connection with the other testimony.—*Bolling v. Fannin,* 97 Ala. 619.

GREGORY L. & H. T. SMITH, for appellee.—Having failed to re-file pleas A. B. and C. after amendment defendant was not entitled to the defense set up therein.— *Gadsden v. Bank,* 96 Ala. 618; *L. & N. R. R. Co.* v. *Wood,* 105 Ala. 561. The failure to pay rent is no defense to the independent promise to furnish water.— *Heironymus Brothers v. Bienville Water Supply Company,* 131 Ala. 447; s. c. 138 Ala. 577; *Drake v. Goree,* 32 Ala. 409; *Maull v. Eiland,* 83 Ala. 314. One cannot accept a partial payment and then declare the contract forfeited on account of failure to make full payment.— *Stewart v. Frost,* 66 Ala. 28; *Anderson, et al. v. Tucker,* 127 Ala. 613; *Blackshear v. Burt,* 74 Ala. 242; *Nealle v. Bogan,* 97 Ala. 612. If the rentor or master enter upon a new term with full knowledge of a default permitted, in the previous term they waive the boot.—*Wood v. City of Auburn,* 32 Atl. 906; *Caddeaux v. Montreal Gas Co.,* 28 Conn.; *Bartlett v. Greenleaf,* 11 Gray 98; *Felton v. Strong,* 37 Ill. App. 58. Under the facts in this case the entries on the books were not admissible in evidence.— *Hart v. Kendall,* 82 Ala. 147; *Acklen v. Hickman,* 63 Ala. 494; *Dismukes v. Tolson,* 67 Ala. 386; *McDonald v. Carnes,* 90 Ala. 148; (Overrules *Moore v. Andrews,* 5 Porter, 106); *Elliott v. Dyche,* 78 Ala. 150; *Davis v. Tarver,* 65 Ala. 99; *Powell v. State,* 84 Ala. 444; *Pollak v. Searcy,* 84 Ala. 260; *Hancock v. Kelly,* 81 Ala. 368; *First Nat. Bank v. Chaffin,* 118 Ala. 246; *Lane v. May,* 25 So. Rep. 809; *Batre v. Simpson,* 4 Ala. 305; 2 Enc. of Ev. 595; *Avery v. Avery,* 49 Ala. 193; *Kling v. Turnstall,* 109 Ala. 609; *Bank v. Plannett,* 37 Ala. 222; *Everly v. Bradford,* 4 Ala. 371; *Grant v. Cole,* 8 Ala. 519; *Clemmons v. Paton,* 9 Porter 289; *Bolling v. Fannin,* 97 Ala. 261; *Sands v. Hammell,* 108 Ala. 624.

HARALSON, J.—This case is here on the third appeal. The first and second appeals are reported in 131 Ala. 447, 31 South. 31, and 138 Ala. 577, 36 South. 453, where the facts may be found fully set out.

It was agreed, that the trial, after the remandment of the cause on the last appeal, should be on the sixth and seventh counts, and all pleas to those counts, filed prior to the 21st of January, 1902, should be and were withdrawn, and omitted from the record.

The sixth count sets up the substance of the contract sued on, and declares a breach thereof, in this, that before the 1st day of May, 1897, a fire occurred on the premises where said fire hydrant was located, (near plaintiff's sawmill) which was discovered by plaintiff's servants early enough to have been extinguished by the use of said fire hydrant, had the defendant supplied the water and permitted the plaintiff to use the same for said purpose; but, by reason of said deficiency of water there was destroyed (property which is described) to the great damage of the plaintiffs.

The seventh count is the same as the sixth, except that in addition it sets out, *in hac verba*, the contract sued on as follows:

"State of Alabama, Mobile County.

"Whereas, Hieronymus Brothers, operating a sawmill on the east side of Water street, between Madison and Canal streets, in the city of Mobile, Alabama, desire a supply of water from the Bienville Water Supply Company for general uses in and about their mill, including one fire hydrant to be used for the extinguishing of fires, and

"Whereas, the Bienville Water Supply Company, a corporation created and existing under the laws of the State of Alabama, and operating water works for the supply of water for domestic, manufacturing and other uses to the inhabitants of the city of Mobile, and whose office is at No. 16 St. Joseph street, are willing to supply water to Hieronymus Brothers for the above named purposes in accordance with their rules and regulations governing their water consumers.

"This agreement witnesseth that Hieronymus Brothers, party of the first part, agrees to make the necessary

pipe connection between the water main of the Bienville Water Supply Company, party of the second part, and the places on their property where they desire to use the water, and to keep same in repair, at their own cost and expense.

"The party of the second part agrees to furnish and maintain at their own cost and expense a meter of standard make for keeping a record of the quantity of water used by the party of the first part."

The breach of the contract, as counted on, is "Plaintiff's say that although they have complied with all of its provisions, on their part, the defendant has failed to comply with the following provisions thereof, that is to say, the defendant, during the life of said contract, and on the 17th day of April, 1897, cut off the water supuly from said fire hydrant, and declined to furnish the water to said fire hydrant, after said date, and the plaintiffs aver, that thereafter, and before the first day of May, 1897, a fire occurred on the premises where said fire hydrant was located, which was discovered by the plaintiffs' servants early enough to have been extinguished by the use of said fire hydrant, had the defendant supplied the water, and permitted the plaintiffs to use the same for said purpose, but by reason of said deficiency of water, and the fact that the same had been cut off by the defendant, there was destroyed by fire," property of the plaintiffs which is described, to the damage of, to wit, the sum of $10,000.00.

The defendant on the second appeal filed three pleas to the complaint, which were marked "A," "B," and "C," respectively. In plea A it is alleged, that plaintiff failed to pay the water rent due on the 1st day of November, 1896, up to and after the time of said alleged fire, wherefore defendant says, it is not liable. The same allegation is contained in plea B, with the addition, that by reason of said defect, the defendant terminated the contract by cutting off the water. Plea C contained the same allegations of default in the payment of water rent, and the termination of the contract, and further, "that after the said alleged fire, the defendant brought suit in the circuit court of Mobile county against the plaintiffs for the rent of water for said fire hydrant, for

the months of November and December, 1896, and for sundry months prior thereto, and recovered a judgment therefor, which said judgment recovered on a verdict, was rendered on the merits and remained in full force and effect until paid and satisfied by the said Hieronymus Brothers, wherefore defendant pleads said judgment as res adjudicata, and says that plaintiffs are estopped from alleging that they had paid the said water rent up to January, 1897, or that they had, before said alleged fire, complied with all the provisions of said contract on their part."

After the case was remanded by this court on last appeal, the defendant filed an additional plea marked "D," which alleges: "That under said contract, said water rent was payable semiannually on the 1st day of May and November, of each year, and defendant avers, that the plaintiffs failed to pay in full the water rent to the 1st day of January, 1897, which was due and payable on the 1st day of November, 1896, and continued in default up to and after the time of said alleged fire, and defendant terminated said contract by cutting off said water."

In addition to the above, and following it, said plea contains the further averment, "that after the said alleged fire, defendant brought suit in the circuit court of Mobile county against plaintiffs for balance of the rent for said fire hydrant for the months of December, 1896, and for sundry months subsequent thereto and recovered a judgment therefor, which said judgment was rendered on the merits and remained in full force and effect until paid and satisfied by the said Hieronymus Brothers, wherefore defendant pleads said judgment as res adjudicata, and says the plaintiffs are estopped from alleging that they had paid said water rent up to January 1st, 1897, or that they had, before said alleged fire, complied with all the provisions of said contract upon their part." A demurrer to this plea on a great number of grounds was sustained.

From the foregoing it will be seen, that this suit relates to the fire hydrant of defendant, at plaintiffs' mill, and the cutting off of the water at the same, which occasioned, as alleged, the destruction by fire of plaintiffs'

mill, or a large part of it, for the lack of water at said hydrant, with which to extinguish the fire. By the terms of their contract with the defendant company, the plaintiffs, Hieronymus Brothers, agreed to pay to said company for the use of the fire hydrant, $25 per year, in semiannual installments of $12.50, on the 1st days of May and November of each year, and to use the hydrant for the extinguishment of fires only. This contract was dated January 1st, 1894, and it was provided therein that "the life of this agreement is for one year, commencing January 1st, 1894, and to continue thereafter until either party shall give the other thirty days' notice, in writing of their desire for a discontinuance."

The plaintiffs alleged, as before stated, that they had complied with all the provisions of their contract, and the defendant had failed to comply with its part of it, and during the life of the contract, and on the 17th of April 1897, cut off the water supply from said hydrant and declined to furnish water therefrom after that date, which occasioned the destruction of plaintiffs' property, as described, by fire occurring on the 20th of April, 1897.

The defendant pleaded the general issue, and plea D set out above. The plaintiffs proved by one of their number, that on February 11th, 1897, they paid to John McGuire, the collector of defendant, $53.55, which was all they owed the water company for water rent up to January 1st, 1897, including rent of the water hydrant up to that date, and also introduced evidence tending to show that the water was cut off without plaintiffs' consent. But there are no points arising on the appeal as to this matter. We confine ourselves to the errors assigned and which are insisted on in argument, the first of which was, the sustaining of the demurrer to plea D. The first part of this was, as will be seen, no more than the general issue on the allegations of the complaint, denying that the plaintiffs had complied with their contract in the payment of rent. This was provable under the general issue. It is with the latter part of said plea, setting up res adjudicata, with which we have to do. The fact of the cutting off of the water, even if for default, did not estop defendant from suing for and recovering the rent that was due for the hydrant before the default

in payment for it occurred, and before the water was cut off by it. A mere failure to pay rent does not entitle a landlord, or other renter, to declare a forfeiture, unless the right is expressly provided for in the contract, which was not the case here. In the construction of the contract in this case, it was said on a former appeal, "At the time the water was turned off, the contract had been so far executed, that it could have been rescinded by an agreement only." A contract by which one rents to another a water supply for a stipulated term, and the other agrees to pay a stipulated rent therefor, is an independent and not a dependent contract. As is said in 12 Am. & Eng. Ency. Law (1st Ed.) 758k, "A forfeiture may result from a non-payment of rent in accordance with the terms of the lease, when there is a covenant to that effect; but it is essential that the lease provide for such forfeiture, and that there be a demand for the rent." The demurrer to plea D was properly sustained.

The other assignment of error insisted on, is that the court refused to allow the introduction of defendant's books of entries of the account of plaintiffs, for November and December, 1896. These books were kept by Charles H. Tew. Conceding without deciding, that the "semiannual book" exhibited to witness Tew, would have been competent evidence, if it had been clearly identified as the one offered in evidence, yet, after the witness had testified, to at least two other books, the bill of exceptions states, that the defendant hereupon offered in evidence "so much of said book, as applied to Hieronymus Brothers' account, in connection with the evidence of the witness. Such portion of said book is hereto attached as exhibit C." Now, it is not clear from this, which book is offered in evidence, whether the "semiannual," cash or another book. It may be the one referred to by the witness as "this book," and it does not appear by the evidence of the witness that the entries were correctly entered in "this book." Bills of exceptions must be construed against the party excepting, and we cannot, as this matter is presented, hold that the court erred in not admitting the book.

John McGuire, who was shown to be the collector for the defendant company, gave to plaintiff a receipt sign-

ed by him for the defendant company, and dated, "Mobile, Feby. 11th, 1897," acknowledging that he had "Received of Hieronymus Brothers, fifty-three and fifty-five hundredth dollars, water rent to January 1st." The execution of this receipt was proved and introduced in evidence without objection and W. T. Hieronymus, one of the plaintiffs, testified this payment was in full for all that plaintiffs owed the water company up to January 1st, 1897, including the rent for the fire hydrant. There was no objection made by defendant, to the introduction of this evidence, at the time it was offered. The defendant at the conclusion of the evidence, moved to exclude said receipt, and what W. T. Hieronymus had testified to on the trial, that the payment of this $53.55 was in full payment of all the plaintiffs owed defendant, including rent of fire hydrant up to January 1st, 1897. The motion came too late, and, besides, the evidence was competent. The court on the last appeal (138 Ala. 577, 36 South. 453) ruled that the lower court committed error in excluding said receipt of McGuire; that the evidence of said witness was admissible; that the judgment in the case of Bienville Water Supply Company against those plaintiffs, the record of which was introduced in evidence, did not sustain the allegations of defendant's plea in this case, averring that plaintiffs failed to pay water rent due and payable on the 1st of November, 1896, and continued in default to and after the time of the alleged fire, and that said plea of res adjudicata was not sustained. 138 Ala. 586, 36 South. 453.

Finding no error in the record, to which our attention has been called in argument, the judgment below is affirmed.

Affirmed.

TYSON, C. J. and SIMPSON and DENSON, JJ., concur.